

One Corporate Center
20 Church St., 17th Floor
Hartford, CT 06103
**o.** 860.882.1681   **f.** 860.882.1682

**Mathew P. Jasinski**
*Licensed in CT, NY*
direct:  860.218.2725
mjasinski@motleyrice.com

www.motleyrice.com

"I will stand for my client's rights.
I am a trial lawyer."

–Ron Motley (1944–2013)

December 10, 2025

**VIA ECF**

Hon. Paul G. Gardephe
Thurgood Marshall United States Courthouse
40 Foley Square, Room 2104
New York, New York 10007

Re: *Sheresky v. United States*, No. 25 Civ. 8935 (PGG)

Dear Judge Gardephe:

The parties respectfully submit this joint letter pursuant to the Court's Notice of Pretrial Conference (ECF 25) and in anticipation of the pretrial conference on December 17, 2025, at 11:00 a.m. (ECF 27).

## I.    DESCRIPTION OF THE CASE

This case challenges a Department of Labor advisory opinion, No. 2025-03A (the "Advisory Opinion") under the Administrative Procedure Act, 5 U.S.C. § 701, *et seq.* On September 29, 2025, the Department of Labor's Employee Benefits Security Administration ("DOL") issued the Advisory Opinion, which is available at 2025 WL 2642870. The Advisory Opinion addresses "whether [Morgan Stanley's] deferred incentive compensation program, comprised of the Equity Incentive Compensation Plan (EICP) and Morgan Stanley Compensation Incentive Plan (MSCIP), (i) is not an 'employee pension benefit plan' under section 3(2)(A) of Title I of ERISA; and (ii) qualifies as an exempt 'bonus program' under 29 C.F.R. § 2510.3-2(c)." 2025 WL 2642870, at \*1. Plaintiffs seek to vacate the Advisory Opinion on the grounds that it is arbitrary and capricious, contrary to law, and procedurally improper.

### A.    Plaintiffs' Claims

Plaintiffs are former Morgan Stanley financial advisors with pending FINRA arbitrations against Morgan Stanley. The central issue in these arbitrations is whether Morgan Stanley's deferred-compensation plans (the "Plans") are governed by the Employee Retirement Income Security Act ("ERISA"). In its Advisory Opinion, the DOL concluded that the Plans are *not* governed by ERISA. Morgan Stanley asserts it intends to rely on this Advisory Opinion in Plaintiffs' (and other Morgan Stanley advisors') arbitrations as "the official position of DOL."



December 10, 2025
Page 2

Morgan Stanley annually deferred a portion of Plaintiffs' commissions for distribution four to eight years later. When Plaintiffs left Morgan Stanley, the firm canceled their unpaid deferred compensation. Two of the present Plaintiffs previously brought a putative class action on behalf of former Morgan Stanley financial advisors—*Shafer v. Morgan Stanley*, No. 1:20-cv-11047 (PGG) (S.D.N.Y.)—alleging that the Plans are governed by ERISA, which covers any plan that "results in a deferral of income by employees for periods extending to the termination of covered employment or beyond." 29 U.S.C. § 1002(2)(A)(ii). Plaintiffs further alleged that Morgan Stanley's cancelation of Plaintiffs' deferred compensation violated ERISA's vesting and anti-forfeiture provisions.

On November 21, 2023, this Court concluded that the Plans were governed by ERISA in an order compelling arbitration of Plaintiffs' claims. *Shafer v. Morgan Stanley*, 2023 WL 8100717 (S.D.N.Y. Nov. 21, 2023). This Court later reaffirmed that conclusion in an order denying Morgan Stanley's motion for reconsideration. *Shafer v. Morgan Stanley*, 2024 WL 4697235 (S.D.N.Y. Nov. 5, 2024).

Morgan Stanley sought to overturn the *Shafer* opinions' conclusion that the Plans are governed by ERISA by filing two *mandamus* proceedings and an appeal with the Second Circuit Court of Appeals, arguing that that this Court should not have addressed the ERISA question because it is an issue for arbitration. The Second Circuit denied both mandamus proceedings and dismissed the appeal. *In re Morgan Stanley*, No. 24-1485 (2d Cir.), ECF No. 24.1; *Shafer v. Morgan Stanley*, No. 24-3141(L), 2025 U.S. App. LEXIS 16820, 2025 WL 1890535 (2d Cir. July 9, 2025).

Meanwhile, on August 1, 2024, while the appeal and Plaintiffs' arbitrations were pending, Morgan Stanley requested an advisory opinion from the DOL on the same ERISA issue it had insisted must be arbitrated (*i.e.*, whether the Plans are governed by ERISA). Morgan Stanley told DOL that the "purpose" of the request was to address "questions that have recently been raised about whether ERISA applies to these awards." Morgan Stanley characterized this Court's *Shafer* decisions as "very sloppy" and described the advisory opinion as an "important 'tort reform' type of letter" needed to address "dozens of very expensive claims" that had been filed against Morgan Stanley. In July 2025, Morgan Stanley followed up with DOL leadership about the "real urgency" to address "literally hundreds of individual disputes" and the "strange decision in New York." The DOL then sent Morgan Stanley's lobbyist a draft of the advisory opinion's factual findings for Morgan Stanley to revise. Despite its policy not to issue advisory opinions in matters that are in litigation, the DOL issued its Advisory Opinion regarding the Plans on September 9, 2025.

Plaintiffs seek to vacate the Advisory Opinion because it is "arbitrary and capricious," "not in accordance with law," and "without observance of procedure required by law" under the Administrative Procedure Act, 5 U.S.C. §§ 702, 706(2)(A), and 706(2)(D). Specifically, Plaintiffs allege that the DOL (1) applied an impermissible "purpose test" under ERISA;



December 10, 2025
Page 3

(2) ignored directly contradictory federal court decisions, including this Court's decisions in *Shafer*; (3) erroneously concluded that certain regulatory bodies "require" firms to implement deferred compensation; (4) relied on an inapplicable regulation;[1] and (5) failed to follow the DOL's own procedural requirements by, *inter alia*, applying the Advisory Opinion retrospectively and intentionally interfering with pending arbitrations.

      **B.**    **Defendants' Defenses**

      On September 29, 2025, DOL issued the Advisory Opinion regarding the application of ERISA to a particular Morgan Stanley deferred compensation program. *See* Opinion No. 2025-03A, *available at* 2025 WL 2642870. That opinion was issued pursuant to longstanding advisory opinion procedures published in 1976 to formalize what was already an existing practice of DOL "to answer inquiries of individuals or organizations affected, directly or indirectly, by ERISA as to their status under the Act and as to the effect of certain acts and transactions." Office of Employee Benefits Security, *Employee Benefits Plans—Advisory Opinion Procedure,* 41 Fed. Reg. 36,281, 36,281 (Aug. 27, 1976). Advisory opinions are not an investigative process and do not represent final decisions by DOL as to the applicability of ERISA; instead, they "assume[] that all material facts and representations" submitted by the requester "are accurate" and provide an advisory opinion limited to those hypothetical facts. *Id.* at 36,283. Although the opinion requester may rely on a resulting advisory opinion under appropriate circumstances in defense of an enforcement action brought by DOL, advisory opinions are not regulations, are not binding interpretations of law, and do not affect the rights of third parties.

      In this instance, DOL's Advisory Opinion carefully stated that it was premised on specific materials and assumed facts, and not an independent factual investigation. 2025 WL 2642870, at *1-*5. Based on this premise, DOL concluded that:

- "the materials . . . submitted [to it by Morgan Stanley] do not appear to indicate the existence [in connection with the deferred compensation program] of any of the surrounding circumstances that the Department has previously said would tend to support the finding that an arrangement constitutes a pension plan under ERISA section 3(2)(A)," 2025 WL 2642870, at 4, and

- "At any rate, the deferred incentive compensation program qualifies as an exempt 'bonus program' under 29 C.F.R. § 2510.3-2(c), which clarifies the definition of the term employee benefit pension plan for purpose of Title I of ERISA by describing certain arrangements that will not constitute an employee pension

---

[1] Plaintiffs also seek a declaration that the regulation, 29 C.F.R. § 2510.3-2(c), is invalid as applied because it impermissibly adds a "systematic" requirement absent from ERISA's text.



December 10, 2025
Page 4

benefit plan within the meaning of ERISA section 3(2)(A)," 2025 WL 2642870, at 4.

Plaintiffs' claims challenging the Advisory Opinion fail on multiple grounds. First, plaintiffs lack standing to challenge DOL's non-binding legal opinion, which does not affect their rights. Second, the Advisory Opinion, which is premised on hypothetical facts and does not determine rights or obligations or cause legal consequences, is not a final agency action subject to challenge under the APA, 5 U.S.C. § 704, and the Court should not apply here a Fifth Circuit decision that previously found a different advisory opinion to be actionable. Third, on the merits, the Advisory Opinion was well within the agency's discretion, not arbitrary or capricious, and otherwise in accordance with law. *Id.* § 706. Further, in the event that plaintiffs were to prevail on the merits—which they should not—the appropriate remedy would be remand, not vacatur.[2]

## II.    CONTEMPLATED MOTIONS

As reflected in the Case Management Plan submitted with this letter, defendants anticipate responding to the complaint with a motion to dismiss for lack of standing and lack of a final agency action. Plaintiffs anticipate moving to certify a class under Federal Rule of Civil Procedure 23(b)(2).

This motion practice would occur in parallel to the production of the administrative record and the addressing of any disputes regarding its content, including documents deemed by defendants to be deliberative materials that defendants contend are not a part of the record.

Following resolution of the motion to dismiss and motion for class certification, and any disputes regarding the record, the parties will file cross-motions to resolve the case on summary judgment.

## III.    PROSPECT FOR SETTLEMENT

The parties agree that settlement of this case is unlikely.

---

[2] Defendants' time to respond to the complaint under Rule 12(a)(2) has not yet arrived, and accordingly defendants and their counsel are continuing to assess this matter. Defendants reserve the right to modify the description of their defenses and proposed motions herein.



December 10, 2025
Page 5

Respectfully submitted,

 /s/ Mathew P. Jasinski
Mathew P. Jasinski (SDNY #mj-2752)          JAY CLAYTON
MOTLEY RICE LLC                              United States Attorney for the
20 Church St., 17th Floor                    Southern District of New York
Hartford, CT 06103                           *Attorney for Defendants*
(860) 218-2725
mjasinski@motleyrice.com              By:    /s/ Robert Yalen
                                             ROBERT WILLIAM YALEN
*New York Office*:                           Assistant U.S. Attorney
800 Third Avenue, Suite 2401                 (212) 637-2722
New York, New York 10022                     robert.yalen@usdoj.gov

cc (via ECF): All counsel