# EXHIBIT 6

| From: | Jacob, Greg |
|---|---|
| To: | "Turner, Jeffrey - EBSA" |
| Cc: | "Berry, Wayne - SOL"; "Song, Janet - EBSA"; "Berger, Eric - EBSA"; VerGow, Meaghan; Boyle, Brian |
| Subject: | Morgan Stanley Advisory Opinion Request |
| Date: | Wednesday, April 9, 2025 7:20:02 AM |
| Attachments: | 2025.04.05.Ltr.from.G.Jacob.to.Deputy.Director.Turner.pdf |

Jeff,

I hope all is very well. Somehow I think it is colder today than it was when we met in December!

Please find attached correspondence following up on our meeting on December 19, and follow-up call with Eric Berger and Janet Song on January 6.

Sincerely,

Greg

**Gregory F. Jacob**
Partner

**O'Melveny**

gjacob@omm.com
O: +1-202-383-5110

_____

O'Melveny & Myers LLP
1625 Eye Street, NW
Washington, DC 20006
Website | LinkedIn | Twitter

*This message and any attached documents contain information from the law firm of O'Melveny & Myers LLP that may be confidential and/or privileged. If you are not the intended recipient, you may not read, copy, distribute, or use this information. If you have received this transmission in error, please notify the sender immediately by reply e-mail and then delete this message.*

O'Melveny

O'Melveny & Myers LLP
1625 Eye Street, NW
Washington, DC 20006-4061

T: +1 202 383 5300
F: +1 202 383 5414
omm.com

April 8, 2025

Greg Jacob
D: +1 202 383 5110
gjacob@omm.com

**CONFIDENTIAL**

**VIA EMAIL AND FIRST-CLASS MAIL**

Deputy Director Jeffrey Turner
Employee Benefits Security Administration
U.S. Department of Labor
Office of Regulations and Interpretations
200 Constitution Avenue, NW, Suite N-5655
Washington, DC 20210

Re:     ***Request for Advisory Opinion on Application of ERISA to Deferred Incentive Compensation Awards Issued to Morgan Stanley Financial Advisors***

Dear Deputy Director Turner:

On behalf of Morgan Stanley Smith Barney LLC ("Morgan Stanley"),[1] I am following up on our December 2024 meeting and my August 1, 2024 letter requesting an advisory opinion from the U.S. Department of Labor ("the Department") regarding whether ERISA applies to the deferred incentive compensation awards that Morgan Stanley issues to financial advisors. As set forth in my prior letter, the Department's guidance is necessary and appropriate given ongoing legal challenges that have created a cloud of uncertainty concerning ERISA's application to Morgan Stanley's awards and similar compensation offered by other financial services firms.

As we have explained in our discussions, these efforts to expand ERISA's scope through litigation are premised on an interpretation of ERISA's "pension plan" definition and the Department's "bonus plan" exemption that longstanding Department guidance and caselaw do not support. Nevertheless, the mere existence of these challenges, including the divergent opinions they have prompted, is threatening the ability of financial firms—and employers more broadly—to continue offering deferred incentive compensation to employees in its current form, even though the compensation is designed to meet the expectations of various financial regulators. *See* August 1, 2024 Letter at n.3. The recent decision by a district court in North Carolina holding that ERISA's pension rules do not apply to Merrill Lynch's deferred compensation awards for financial advisors—dubbed "materially identical" to Morgan Stanley's awards by one plaintiffs' firm[2]—reinforces the Department's longstanding guidance, but does

---

[1] Morgan Stanley's EIN is 26-4310844. I am authorized to submit this letter on Morgan Stanley's behalf.

[2] *Milligan v. Merrill Lynch*, Civil Act. No. 3:24-cv-00440, Dkt. No. 70 at 2–3 (W.D.N.C. Feb. 14, 2025).

---

Austin  •  Century City  •  Dallas  •  Houston  •  Los Angeles  •  Newport Beach  •  New York  •  San Francisco  •  Silicon Valley  •  Washington, DC
Beijing  •  Brussels  •  Hong Kong  •  London  •  Seoul  •  Shanghai  •  Singapore  •  Tokyo

2

**O'Melveny**

not resolve the uncertainty employers nationwide face in developing their deferred incentive compensation programs.  *See Milligan v. Bank of America Corp.*, 2025 WL 892972, at *5 (W.D.N.C. Mar. 11, 2025) (rejecting "paradoxical" argument that incidental payments to former employees under humanitarian exceptions to cancellation triggered pension rules, and also holding that awards qualify as "bonuses").

Because financial services firms across the industry offer very similar deferred incentives to their financial advisors, in part because of the influence of the principal regulators they share, an advisory opinion from the Department would not only assist Morgan Stanley in shaping its future deferred incentive awards but also provide helpful guidance to Morgan Stanley's peer firms.  Morgan Stanley therefore respectfully reiterates its request that the Department issue an advisory opinion confirming that the deferred compensation award terms that Morgan Stanley would like to continue to offer do not implicate ERISA.

Please do not hesitate to contact me with any questions or requests for additional information.  We are, of course, grateful for the Department's attention to this request.

Sincerely,

Greg Jacob

cc: Associate Solicitor of Labor Wayne Berry

2

3