# EXHIBIT 7

| | |
|---|---|
| **Message** | |
| **From:** | Kent A. Mason [kamason@davis-harman.com] |
| **Sent:** | 7/28/2025 5:58:53 PM |
| **To:** | 'Manning, Glenda - EBSA' [Manning.Glenda@dol.gov] |
| **CC:** | 'Michael.Stein@morganstanley.com' [Michael.Stein@morganstanley.com]; 'PJ.Austin@morganstanley.com' [PJ.Austin@morganstanley.com]; Chris Gaston [CGaston@davis-harman.com] |
| **Subject:** | RE: Meeting request regarding pending Morgan Stanley Advisory Opinion request submitted a year ago on critical issue needing fast resolution to clarify the law |

Thanks very much. A Teams meeting at 12:30 on Thursday would work very well. The invitees (except one) are copied on this email. Michael Stein and PJ Austin are in government relations for Morgan Stanley. Chris Gaston is at Davis & Harman with me. And we will also forward the invite to Mark Greenfield, who is in Morgan Stanley's legal department. Thanks again.

**From:** Manning, Glenda - EBSA <Manning.Glenda@dol.gov>
**Sent:** Monday, July 28, 2025 10:11 AM
**To:** Kent A. Mason <kamason@davis-harman.com>
**Subject:** Meeting request regarding pending Morgan Stanley Advisory Opinion request submitted a year ago on critical issue needing fast resolution to clarify the law

Mr. Mason,
Janet and Jack are available Thursday, July 31, 2025 to meet by:

Teams @ 12:30 – 1pm or
at DOL or Teams at 5:00pm

Please let me know which works for you.
Looking forward to hearing from you.

**From:** Kent A. Mason <kamason@davis-harman.com>
**Sent:** Friday, July 25, 2025 12:26 PM
**To:** Dhillon, Janet L - EBSA <Dhillon.Janet.L@dol.gov>; Lund, Jack G - EBSA <Lund.Jack.G@dol.gov>
**Cc:** Michael.Stein@morganstanley.com; 'PJ.Austin@morganstanley.com' <PJ.Austin@morganstanley.com>; Chris Gaston <CGaston@davis-harman.com>
**Subject:** Meeting request regarding pending Morgan Stanley Advisory Opinion request submitted a year ago on critical issue needing fast resolution to clarify the law

**CAUTION: This email originated from outside of the Department of Labor. Do not click (select) links or open attachments unless you recognize the sender and know the content is safe. Report suspicious emails through the "Report" button on your email toolbar.**

Janet and Jack, we wanted to touch base on a pending request for an Advisory Opinion from Morgan Stanley (copied on this email). We were hoping to have a chance to talk to you about the status of this request if you have time next week.

1

We were thrilled about the Department's June 2 announcement launching its opinion letter program, quoting Deputy Secretary Sonderling regarding the importance of such letters. https://www.dol.gov/newsroom/releases/osec/osec20250602 Advisory Opinions have historically played a critical role in facilitating compliance, but their frequency has dropped off dramatically in recent years. We applaud the new program.

We note that EBSA's first two Opinions of 2025 were issued earlier this week. We are hoping that Morgan Stanley's request could be addressed in the coming few weeks, as the pressure on this issue has become intense. We have heard informal reports that our Advisory Opinion is done and is simply waiting for clearance, but that could take time. We are not sure how accurate those informal reports are.

The original request and a follow-up letter are attached. Here is the issue in a nutshell. It is very common in the financial services industry and in many other industries to have long-term incentive plans. (My guess is that both of you are familiar with these programs.) Under Morgan Stanley's plans, which are very similar to common industry practices, employees who stay for 4 to 6 years after the beginning of the incentive period can earn retention/performance awards at the end of the period. Again, under a standard industry practice, Morgan Stanley does not require employees to stay the whole period if the termination is based on death, disability, retirement, not-for-cause termination, or government service. The vast majority of the awards are paid to current employees but a small portion are paid under these exceptions.

To my knowledge, no one in the country has ever treated these arrangements as pension plans subject to ERISA (due to how clear the law is), and similar plans are simply everywhere in my experience. But one district court (referenced in the request) ruled, without even a response from Morgan Stanley, that ERISA applied to these incentive arrangements (contrary to the law and other court holdings) and sent them to arbitration. The court's strange reasoning was based on the fact that a few payments are made after termination of employment, due to the exceptions noted above. This ruling triggers huge problems due to, for example, ERISA's vesting rules, which the program does not comply with. The problems with the court's ruling are evidenced by the fact that four amicus briefs were filed on behalf of Morgan Stanley's appeal in this case by (1) the American Benefits Council, (2) the US Chamber of Commerce and The ERISA Industry Committee, (3) SIFMA, and (4) the Society for Human Resource Management.

Dozens of very expensive claims have been filed against Morgan Stanley since this strange district court ruling. The law really needs to be clarified quickly, which is why we are reaching out to you and also, on a very limited basis, to the Hill for help to expedite this matter. Thanks so much.

**Kent A. Mason**
Davis & Harman LLP



The Willard
1455 Pennsylvania Avenue, NW, Suite 1200
Washington, DC 20004

Main:  202-347-2230  Direct: 202-662-2288
Fax:     202-393-3310  kamason@davis-harman.com

LIMITATIONS ON ADVICE. Any advice in this communication and any attachments: (i) is limited to the conclusions specifically set

forth herein and is based on the completeness and accuracy of the stated facts, assumptions and/or representations included herein; (ii) was prepared for the sole benefit of Davis & Harman LLP's client and may not be relied upon by any other person or entity; and (iii) is not intended or written to be used, and cannot be used, by the recipient(s) or any other person or entity, for the purposes of promoting, marketing or recommending to another party any matters addressed herein.

NOTICE OF CONFIDENTIALITY. The information contained in this message from Davis & Harman LLP and any attachments is confidential and intended only for the named recipient(s). This message and any attachments may be an attorney-client communication and as such privileged and confidential. If you have received this message in error, you are prohibited from copying, distributing or using the information. Please contact the sender immediately by telephone or return e-mail and delete the original message. We apologize for any inconvenience, and thank you for your prompt attention.