# EXHIBIT 9

**From:** Kent A. Mason <kamason@davis-harman.com>
**Sent:** Tuesday, August 12, 2025 6:06 PM
**To:** 'Dhillon, Janet L - EBSA'
**Cc:** 'Michael.Stein@morganstanley.com'; 'PJ.Austin@morganstanley.com'
**Subject:** RE: Morgan Stanley Advisory Opinion -- New Amicus Brief and Question

Thanks so much. We so appreciate the fast consideration and work on this. I checked with Morgan Stanley (copied here) and the draft should come to me. Have a great night.

---

**From:** Dhillon, Janet L - EBSA <Dhillon.Janet.L@dol.gov>
**Sent:** Tuesday, August 12, 2025 5:57 PM
**To:** Kent A. Mason <kamason@davis-harman.com>
**Subject:** RE: Morgan Stanley Advisory Opinion -- New Amicus Brief and Question

Kent

As is our usual practice, we send a draft of the statement of facts of an advisory opinion to the requestor for review. We are ready to proceed to that step. Should the draft be directed to you, Greg Jacob, or both of you?

Best,

Janet

Janet Dhillon
Acting Assistant Secretary
Employee Benefits Security Administration
U.S. Department of Labor
Dhillon.Janet.L@dol.gov



---

**From:** Kent A. Mason <kamason@davis-harman.com>
**Sent:** Tuesday, August 12, 2025 1:03 PM
**To:** Dhillon, Janet L - EBSA <Dhillon.Janet.L@dol.gov>; Lund, Jack G - EBSA <Lund.Jack.G@dol.gov>; Bolton, Charles H - EBSA <Bolton.Charles.H@dol.gov>; Danhof, Justin G - EBSA <Danhof.Justin.G@dol.gov>
**Cc:** 'Michael.Stein@morganstanley.com' <Michael.Stein@morganstanley.com>; 'PJ.Austin@morganstanley.com' <PJ.Austin@morganstanley.com>; Chris Gaston <CGaston@davis-harman.com>
**Subject:** Morgan Stanley Advisory Opinion -- New Amicus Brief and Question

**CAUTION: This email originated from outside of the Department of Labor. Do not click (select) links or open attachments unless you recognize the sender and know the content is safe. Report suspicious emails through the "Report" button on your email toolbar.**

Thanks again for meeting with us on Morgan Stanley's request for an advisory opinion on its long-term incentive program. We wanted to provide two updates in case they are helpful. First, the American Benefits Council, the US Chamber of Commerce, and The ERISA Industry Committee (ERIC) filed an amicus brief supporting Merrill Lynch in the plaintiffs' appeal to the Fourth Circuit from a decision of the District Court for the Western District of North Carolina regarding a program virtually identical to Morgan Stanley's. We thought that the amicus brief linked above might be of interest.

Second with such strong support from trade associations on this issue, we are considering asking the trades to weigh in with EBSA with a brief letter on the importance of this issue and the need for fast and clear confirmation of DOL's longstanding position that such long-term incentive programs are not subject to ERISA. If you have any concerns with us doing that, please let us know. We just want to provide you with as much information as we can about the critical nature of this issue for a very wide range of businesses across the country, making this an ideal candidate for DOL's expanded and revived Advisory Opinion program.

The trades' amicus brief provides some insights into how important this issue is:

> Distorting ERISA so that it reaches those [long-term incentive] programs would have destructive effects. Making those programs subject to ERISA's strict vesting and anti-forfeiture rules would expose employers to potentially astronomical liability for unexceptional cancellations of incentive awards that have not vested under those programs' terms. See 29 U.S.C. § 1053; 29 C.F.R. § 2530. That result would undermine employers' justifiable reliance on nearly fifty years of case law and regulatory guidance concluding that such programs fall outside ERISA's scope, making it more difficult for businesses to offer their employees attractive and flexible compensation programs. Indeed, it would induce some employers to eliminate their long-term incentive or deferred incentive compensation programs altogether, stripping them of a valuable tool with which to retain talented employees and denying employees access to a widely desired compensation arrangement. Nothing in ERISA requires such an unfortunate outcome. . . .

> Employers across a variety of industries use these arrangements "to further enhance retention." . . . And employers are increasingly starting to offer long-term incentive awards to employees below the executive level. . . .

> Plaintiff's theory is worse than legally wrong: if adopted, it would have enormously destructive practical consequences, harming both employers and employees. To begin, that approach, if valid, certainly would encourage a wave of litigation against employers in all sectors of the economy that use long-term incentive or deferred incentive compensation arrangements. . . .

> And if their theory succeeds, these plaintiffs' firms will have no reason to stop with the financial services industry. It is not difficult for a single firm or set of firms to bring dozens of cookie-cutter lawsuits—that is already par for the course in ERISA litigation. . . .

Defending against such lawsuits challenging commonplace and useful compensation arrangements would impose substantial costs on employers in virtually all cases and sometimes would extract strike-suit settlements, as the prospect of "asymmetric" discovery for defendants in ERISA actions comes at an "ominous" price, entailing "probing and costly inquiries."

**Kent A. Mason**
Davis & Harman LLP



The Willard
1455 Pennsylvania Avenue, NW, Suite 1200
Washington, DC 20004

Main:  202-347-2230  Direct: 202-662-2288
Fax:    202-393-3310  kamason@davis-harman.com

LIMITATIONS ON ADVICE. Any advice in this communication and any attachments: (i) is limited to the conclusions specifically set forth herein and is based on the completeness and accuracy of the stated facts, assumptions and/or representations included herein; (ii) was prepared for the sole benefit of Davis & Harman LLP's client and may not be relied upon by any other person or entity; and (iii) is not intended or written to be used, and cannot be used, by the recipient(s) or any other person or entity, for the purposes of promoting, marketing or recommending to another party any matters addressed herein.

NOTICE OF CONFIDENTIALITY. The information contained in this message from Davis & Harman LLP and any attachments is confidential and intended only for the named recipient(s). This message and any attachments may be an attorney-client communication and as such privileged and confidential. If you have received this message in error, you are prohibited from copying, distributing or using the information. Please contact the sender immediately by telephone or return e-mail and delete the original message. We apologize for any inconvenience, and thank you for your prompt attention.