# EXHIBIT 12

| | |
|---|---|
| **From:** | kamason@davis-harman.com |
| **To:** | Turner.Jeffrey@dol.gov; Michael.Stein@morganstanley.com; Berger.Eric@dol.gov; Dhillon.Janet.L@dol.gov; Bolton.Charles.H@dol.gov |
| **Cc:** | Lund.Jack.G@dol.gov; PJ.Austin@morganstanley.com; Mark.Greenfield@morganstanley.com; CGaston@davis-harman.com; Mihailovic.Tamara@dol.gov |
| **Subject:** | RE: [EXTERNAL] Re: Draft Facts Supporting Morgan Stanley Advisory Opinion Request |
| **Date:** | Tuesday, September 9, 2025 3:34:11 PM |

Thanks very much. This was a perfect example of government at its best in our view – addressing a critical issue in a clear and very effective way and in a very timely manner to prevent adverse effects. Your hard work and dedication are greatly appreciated.


**From:** Turner, Jeffrey - EBSA <Turner.Jeffrey@dol.gov>
**Sent:** Tuesday, September 9, 2025 12:48 PM
**To:** Kent A. Mason <kamason@davis-harman.com>; 'Michael.Stein@morganstanley.com' <Michael.Stein@morganstanley.com>; Berger, Eric - EBSA <Berger.Eric@dol.gov>; Dhillon, Janet L - EBSA <Dhillon.Janet.L@dol.gov>; Bolton, Charles H - EBSA <Bolton.Charles.H@dol.gov>
**Cc:** Lund, Jack G - EBSA <Lund.Jack.G@dol.gov>; 'PJ.Austin@morganstanley.com' <PJ.Austin@morganstanley.com>; 'Mark.Greenfield@morganstanley.com' <Mark.Greenfield@morganstanley.com>; Chris Gaston <CGaston@davis-harman.com>; Turner, Jeffrey - EBSA <Turner.Jeffrey@dol.gov>; Mihailovic, Tamara - EBSA <Mihailovic.Tamara@dol.gov>
**Subject:** RE: [EXTERNAL] Re: Draft Facts Supporting Morgan Stanley Advisory Opinion Request

Thank you for the follow up email, Kent, and the article below. Attached please find a pdf copy of AO 2025-03A, issued today in response to your request. A hard copy will be mailed to you at Davis and Harmon. The AO also will be posted on EBSA's website later this evening.

Thank you very much for your patience along the way. Please feel free to give me a call if you have any questions.

Sincerely,

Jeff



**From:** Kent A. Mason <kamason@davis-harman.com>
**Sent:** Thursday, September 4, 2025 3:01 PM
**To:** Turner, Jeffrey - EBSA <Turner.Jeffrey@dol.gov>; 'Michael.Stein@morganstanley.com' <Michael.Stein@morganstanley.com>; Berger, Eric - EBSA <Berger.Eric@dol.gov>; Dhillon, Janet L - EBSA <Dhillon.Janet.L@dol.gov>; Bolton, Charles H - EBSA <Bolton.Charles.H@dol.gov>
**Cc:** Lund, Jack G - EBSA <Lund.Jack.G@dol.gov>; 'PJ.Austin@morganstanley.com' <PJ.Austin@morganstanley.com>; 'Mark.Greenfield@morganstanley.com'

1

<Mark.Greenfield@morganstanley.com>; Chris Gaston <CGaston@davis-harman.com>
**Subject:** RE: [EXTERNAL] Re: Draft Facts Supporting Morgan Stanley Advisory Opinion Request

**CAUTION: This email originated from outside of the Department of Labor. Do not click (select) links or open attachments unless you recognize the sender and know the content is safe. Report suspicious emails through the "Report" button on your email toolbar.**

We just wanted to follow up on our emails below. Would any further information be helpful? We so appreciate all your work on our request.

In case it is helpful, we are pasting below a recent article on this issue highlighting its importance and time sensitivity as companies are working on their incentive plans early this fall and continue to face a steady stream of unwarranted litigation. The Department's guidance would advance the critical role advisory opinions serve in helping companies plan, and at this important juncture such guidance would be uniquely valuable. Thanks so much.

# Morgan Stanley, Merrill Lynch snared in dueling courts' rulings on deferred pay as a bonus or a pension

Gift Article
Share

(Gabby Jones/Gabby Jones/Bloomberg)

By:
Robert Steyer

Last Updated
August 29, 2025 11:41 AM

Members of employee benefits, retirement services and financial services industries are up in arms over separate legal battles challenging how Morgan Stanley and Merrill Lynch pay deferred compensation to former employees.

The litigation jeopardizes the way companies incentivize workers, attract new employees and encourage loyalty, the trade groups say, noting that deferred pay policies are common especially among financial services companies.

The key issue for both companies is whether deferred compensation is a bonus or a pension.

If it's the former, employers can withhold bonuses from former workers who don't meet specific compensation contract guidelines.

2

If it's the latter, ex-employees say withholding the deferred compensation can be an ERISA violation.

Courts are divided. For Merrill Lynch, a federal district court has supported the company's bonus argument, and the case is now on appeal.

For Morgan Stanley, a federal court judge in New York ruled that deferred compensation is a pension and subject to ERISA. He said the dispute must be addressed by arbitration. A federal appeals court in New York said it lacked jurisdiction to rule on the ERISA question.

Needless to say, industry representatives are unhappy.

"The business community is concerned because it will force huge changes in the use of deferred compensation to meet specific goals if these programs are treated as ERISA plans," said Lynn D. Dudley, senior vice president for global retirement and compensation policy for the American Benefits Council.

As one council member told her, "It will upend our process."

Her organization, along with several others, has filed amicus briefs in the Merrill Lynch and Morgan Stanley cases advocating that deferred pay be treated as a bonus.

Dudley hopes the various industries can work with the Department of Labor to point out that deferred compensation programs should not be subject to ERISA guidelines. "I think DOL will be receptive to our appeals and be helpful," she said.

Despite the legal uncertainty, Dudley said employers shouldn't rewrite deferred compensation guidelines — at least not yet. "They are not prepared to do that," she said.

A short-term impact of the legal uncertainty may be a tightening of rules governing what Dudley called humanitarian compensation, in which, for example, employers have been less strict in instances where a former employee is disabled or terminally ill.

"This is an important issue winding its way through the courts and clarity is important," Andy Banducci, senior vice president for retirement and compensation policy at the ERISA Industry Committee, wrote in an email response to questions.

His organization joined the American Benefits Council in amicus briefs for the Merrill Lynch and Morgan Stanley litigation. "Employers need uniformity in the application of federal benefits law, particularly if they have employees across the country," he wrote. "Discretionary incentives based on performance just aren't retirement benefits, and so ERISA doesn't apply."

# Merrill Lynch

Industry representatives pointed out that "long-term incentive and deferred incentive compensation programs are in widespread use," according to their amicus brief filed Aug. 4 in support of Merrill Lynch, whose federal district court victory has been appealed to the 4th Circuit Court of Appeals, Richmond, Va.

"Employers offer them for a variety of reasons that have nothing to do with providing income after retirement or following departure from current employment," the trade groups wrote in the case of Milligan vs. Merrill Lynch, Pierce Fenner & Smith Inc. et al. One defendant is Merrill Lynch's parent, Bank of America.

"Those programs play a critical role in promoting retention of productive employees, encouraging workplace success, and deterring or penalizing misconduct," said the document. "Distorting ERISA so that it reaches those programs would have destructive effects."

In addition to the ERISA Industry Committee and the American Benefits Council, the U.S. Chamber of Commerce and the Center on Executive Compensation collaborated on the amicus brief.

Making deferred pay policies subject to ERISA could increase litigation risk and "undermine employers' justifiable reliance on nearly 50 years of case law and regulatory guidance," the amicus brief said.

Kelly Milligan was a Merrill Lynch financial adviser from 2000 until leaving voluntarily in 2021 to join another firm. He argued he was owed more than $500,000 in deferred pay under Merrill Lynch's WealthChoice awards program.

Milligan sued in April 2024, seeking class-action status, asserting that the program was a pension — not a bonus.

U.S. District Court Judge Kenneth D. Bell in Charlotte, N.C., supported defendants in a March 2025 ruling.

"Adopting plaintiff's view would mean that virtually any plan that allows for income to be paid after employment ends, even incidentally, could fall under ERISA's purview," the judge wrote.

"Plaintiff's expansive interpretation reaches far beyond Congress' intent and ignores ERISA's fundamental premise both of which are rooted in protecting the retirement assets of workers," he wrote.

Milligan appealed, and the trade organizations reacted.

Deferred incentive-based compensation programs are common in many industries

and "ubiquitous in the financial sector" because they promote "long-term performance over short-term gains," said a separate Aug. 4 amicus brief by the Securities Industry and Financial Market Association.

A ruling for Milligan, "would have an outsized and destabilizing effect on the entire financial sector," the document said. Such a decision would create "a cloud of uncertainty over the status of deferred compensation programs for structuring contingent incentive-based compensation."

## Morgan Stanley

Although the Morgan Stanley dispute has a similar theme, it produced different results.

Matthew T. Shafer worked as a financial adviser from 2009 to 2018 and claimed he was owed more than $500,000 in deferred compensation.

He sued in December 2020, saying the Financial Advisor/Private Wealth Compensation Plan at Morgan Stanley should be treated akin to a pension covered by ERISA rather than as a bonus. Several other former financial advisers joined in an amended complaint filed in March 2022 in the case of Shafer et al. vs. Morgan Stanley et al.

The defendants said the compensation plan was a bonus program and that disputes should be addressed through arbitration.

A federal judge in New York in November 2023 supported the arbitration request, but he also said the program was subject to ERISA.

"The deferred compensation programs at issue here are not bonus programs," U.S. District Court Judge Paul G. Gardephe wrote on Nov. 21, 2023.

"Morgan Stanley's deferred compensation programs result in the deferral of income to the post-employment period within the meaning of ERISA," he wrote. "Morgan Stanley's deferred compensation programs are ERISA plans."

The defendants and the plaintiffs appealed to the 2nd U.S. Circuit Court of Appeals, New York, with the former seeking to reject ERISA coverage of the deferred and the latter seeking to reject arbitration for the dispute.

Several of the trade associations that filed amicus briefs in the Merrill Lynch case also filed comments here, warning that branding deferred compensation as a pension would disrupt and damage benefits programs.

A three-judge panel of the appeals court dismissed both arguments on July 9. For Morgan Stanley, the judges wrote "we lack jurisdiction over the underlying

appeal." For the plaintiffs, the judges said they couldn't address their appeal because it was contingent upon their accepting Morgan Stanley's appeal.

This decision may not have closed the book on the dispute because the judges wondered why the district court judge ruled the deferred pay was covered by ERISA but then referred the case to arbitration.

"Though arbitrators may consider the district court's opinion, Morgan Stanley is free to argue to those arbitrators that the district court's conclusion that the plans were governed by ERISA was dictum and legally incorrect," the judges wrote. "Indeed, Morgan Stanely admits that it has already done so — successfully — in some of the intervening arbitrations."

Dictum is a legal term referring comments by judges that aren't part of the legal reasoning in deciding a case and that can't be used as legal precedent.

"The appellate court determined it lacks jurisdiction because the district court's decision doesn't bind the arbitration panels that will decide these cases," a Morgan Stanley spokeswoman wrote in an email response to questions.

"These awards are not a pension, as multiple arbitration panels have now recognized," she wrote. "We remain confident that as individual arbitrators see all the evidence, they will reach exactly the same result."

---

**From:** Kent A. Mason
**Sent:** Tuesday, August 19, 2025 9:17 AM
**To:** Turner, Jeffrey - EBSA <Turner.Jeffrey@dol.gov>; Michael.Stein@morganstanley.com; Berger, Eric - EBSA <Berger.Eric@dol.gov>
**Cc:** Lund, Jack G - EBSA <Lund.Jack.G@dol.gov>; PJ.Austin@morganstanley.com; Mark.Greenfield@morganstanley.com; Chris Gaston <CGaston@davis-harman.com>
**Subject:** RE: [EXTERNAL] Re: Draft Facts Supporting Morgan Stanley Advisory Opinion Request

Thanks again for all your work on this. Distribution and deposits occur as soon as practicable after vesting. For example, the cash awards get calculated, the data is given to Morgan Stanley's payroll vendor, and then it is deposited on the next pay date. There is some processing time for transmission of the shares as well. So it all happens within a matter of days.

Is that what you need? We would of course be happy to jump on a call if there are any further questions.

---

**From:** Turner, Jeffrey - EBSA <Turner.Jeffrey@dol.gov>
**Sent:** Monday, August 18, 2025 6:53 PM
**To:** Michael.Stein@morganstanley.com; Kent A. Mason <kamason@davis-harman.com>; Berger, Eric

6

- EBSA <Berger.Eric@dol.gov>
**Cc:** Lund, Jack G - EBSA <Lund.Jack.G@dol.gov>; PJ.Austin@morganstanley.com; Mark.Greenfield@morganstanley.com; Chris Gaston <CGaston@davis-harman.com>
**Subject:** Re: [EXTERNAL] Re: Draft Facts Supporting Morgan Stanley Advisory Opinion Request

Thank you very much, Michael.

—Jeff

Get Outlook for iOS

**From:** Michael.Stein@morganstanley.com <Michael.Stein@morganstanley.com>
**Sent:** Monday, August 18, 2025 6:35:50 PM
**To:** Turner, Jeffrey - EBSA <Turner.Jeffrey@dol.gov>; kamason@davis-harman.com <kamason@davis-harman.com>; Berger, Eric - EBSA <Berger.Eric@dol.gov>
**Cc:** Lund, Jack G - EBSA <Lund.Jack.G@dol.gov>; PJ.Austin@morganstanley.com <PJ.Austin@morganstanley.com>; Mark.Greenfield@morganstanley.com <Mark.Greenfield@morganstanley.com>; CGaston@davis-harman.com <CGaston@davis-harman.com>; Turner, Jeffrey - EBSA <Turner.Jeffrey@dol.gov>
**Subject:** Re: [EXTERNAL] Re: Draft Facts Supporting Morgan Stanley Advisory Opinion Request

**CAUTION: This email originated from outside of the Department of Labor. Do not click (select) links or open attachments unless you recognize the sender and know the content is safe. Report suspicious emails through the "Report" button on your email toolbar.**

Jeff -- thanks for note back. I'm tracking down Mark and Kent to get a firm answer for you. Will circle back ASAP via email. If we need to hop on the phone for deeper clarity - we'll get that together tomorrow. Back to you soon. Thanks. Michael

**From:** Turner, Jeffrey - EBSA <Turner.Jeffrey@dol.gov>
**Sent:** Monday, August 18, 2025 5:35 PM
**To:** Kent A. Mason <kamason@davis-harman.com>; Berger, Eric - EBSA <Berger.Eric@dol.gov>
**Cc:** Lund, Jack G - EBSA <Lund.Jack.G@dol.gov>; Stein, Michael J. (Government Relations) <Michael.Stein@morganstanley.com>; Austin, PJ (Government Relations) <PJ.Austin@morganstanley.com>; Greenfield, Mark (LEGAL) <Mark.Greenfield@morganstanley.com>; Chris Gaston <CGaston@davis-harman.com>; Turner, Jeffrey - EBSA <Turner.Jeffrey@dol.gov>
**Subject:** [EXTERNAL] Re: Draft Facts Supporting Morgan Stanley Advisory Opinion Request

Much appreciated, Kent. Any chance to hop on the phone tonight. Eric and I are free any

time after 6:30 and before 9. Otherwise, tomorrow is fine too. The basic factual question we want to pin down is whether (1) distribution date, (2) deposit date, and (3) vesting date are all synonymous. Based on the case file and your edits of last week, it seems they are, but we want to be 100 percent sure.

—Jeff

Get Outlook for iOS

**From:** Kent A. Mason <kamason@davis-harman.com>
**Sent:** Monday, August 18, 2025 3:34 PM
**To:** Berger, Eric - EBSA <Berger.Eric@dol.gov>
**Cc:** Turner, Jeffrey - EBSA <Turner.Jeffrey@dol.gov>; Lund, Jack G - EBSA <Lund.Jack.G@dol.gov>; 'Michael.Stein@morganstanley.com' <Michael.Stein@morganstanley.com>; PJ.Austin@morganstanley.com <PJ.Austin@morganstanley.com>; Mark.Greenfield@morganstanley.com <Mark.Greenfield@morganstanley.com>; Chris Gaston <CGaston@davis-harman.com>
**Subject:** RE: Draft Facts Supporting Morgan Stanley Advisory Opinion Request

**CAUTION: This email originated from outside of the Department of Labor. Do not click (select) links or open attachments unless you recognize the sender and know the content is safe. Report suspicious emails through the "Report" button on your email toolbar.**

Of course. Do you want to send us some times that work for the DOL team? We will do what we can to adjust our schedule to yours. Thanks very much.

---

**From:** Berger, Eric - EBSA <Berger.Eric@dol.gov>
**Sent:** Monday, August 18, 2025 3:11 PM
**To:** Kent A. Mason <kamason@davis-harman.com>
**Cc:** Turner, Jeffrey - EBSA <Turner.Jeffrey@dol.gov>; Lund, Jack G - EBSA <Lund.Jack.G@dol.gov>; 'Michael.Stein@morganstanley.com' <Michael.Stein@morganstanley.com>; PJ.Austin@morganstanley.com; Mark.Greenfield@morganstanley.com; Chris Gaston <CGaston@davis-harman.com>
**Subject:** RE: Draft Facts Supporting Morgan Stanley Advisory Opinion Request

Thanks so much to you and the Morgan Stanley people for the fast response. Can we have a very short call to clarify one factual issue?

Eric

8

---

**From:** Kent A. Mason <kamason@davis-harman.com>
**Sent:** Wednesday, August 13, 2025 2:14 PM
**To:** Berger, Eric - EBSA <Berger.Eric@dol.gov>
**Cc:** Turner, Jeffrey - EBSA <Turner.Jeffrey@dol.gov>; Lund, Jack G - EBSA <Lund.Jack.G@dol.gov>; Dhillon, Janet L - EBSA <Dhillon.Janet.L@dol.gov>; 'Michael.Stein@morganstanley.com' <Michael.Stein@morganstanley.com>; PJ.Austin@morganstanley.com; Mark.Greenfield@morganstanley.com; Chris Gaston <CGaston@davis-harman.com>
**Subject:** RE: Draft Facts Supporting Morgan Stanley Advisory Opinion Request

You don't often get email from kamason@davis-harman.com. Learn why this is important

**CAUTION: This email originated from outside of the Department of Labor. Do not click (select) links or open attachments unless you recognize the sender and know the content is safe. Report suspicious emails through the "Report" button on your email toolbar.**

Thanks for sending us the draft facts to review. The draft looks great. We suggest minor clarifications in the attached for your consideration. We so appreciate all the work on this matter.

---

**From:** Berger, Eric - EBSA <Berger.Eric@dol.gov>
**Sent:** Tuesday, August 12, 2025 6:38 PM
**To:** Kent A. Mason <kamason@davis-harman.com>
**Cc:** Turner, Jeffrey - EBSA <Turner.Jeffrey@dol.gov>; Lund, Jack G - EBSA <Lund.Jack.G@dol.gov>
**Subject:** Draft Facts Supporting Morgan Stanley Advisory Opinion Request

Dear Mr. Mason:

Attached for your review are draft facts supporting the advisory opinion requested on behalf of Morgan Stanley.

Under Advisory Opinion Procedure 76-1 the parties described in an advisory opinion "may rely on the opinion only to the extent that the request fully and accurately contains all the material facts and representations necessary to issuance of the opinion and the situation conforms to the

situation described in the request for opinion." Accordingly, as a routine matter, we ask opinion requesters to review and confirm the facts in support of the opinion. A redline of changes, if any, would be most helpful. We would appreciate a quick turnaround. We, of course are happy to chat by phone if you would like.

Thanks,

Eric Berger
Chief, Division of Coverage, Reporting & Disclosure
Office of Regulations and Interpretations
Employee Benefits Security Administration
U.S. Department of Labor

LIMITATIONS ON ADVICE. Any advice in this communication and any attachments: (i) is limited to the conclusions specifically set forth herein and is based on the completeness and accuracy of the stated facts, assumptions and/or representations included herein; (ii) was prepared for the sole benefit of Davis & Harman LLP's client and may not be relied upon by any other person or entity; and (iii) is not intended or written to be used, and cannot be used, by the recipient(s) or any other person or entity, for the purposes of promoting, marketing or recommending to another party any matters addressed herein.

NOTICE OF CONFIDENTIALITY. The information contained in this message from Davis & Harman LLP and any attachments is confidential and intended only for the named recipient(s). This message and any attachments may be an attorney-client communication and as such privileged and confidential. If you have received this message in error, you are prohibited from copying, distributing or using the information. Please contact the sender immediately by telephone or return e-mail and delete the original message. We apologize for any inconvenience, and thank you for your prompt attention.

If you have received this communication in error, please notify the sender immediately. Your communications with Morgan Stanley are subject to the Morgan Stanley General Disclaimers http://www.morganstanley.com/disclaimers/terms and Privacy Policies https://www.morganstanley.com/privacy-pledge. This email and any files attached may be sensitive, confidential, subject to legal privilege and/or otherwise protected from disclosure. Morgan Stanley is not acting as a municipal advisor and the opinions or views contained herein are not intended to be, and do not constitute, advice within the meaning of Section 975 of the Dodd Frank Wall Street Reform and Consumer Protection Act.