UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

STEVE SHERESKY, JEFFREY SAMSEN, and NICHOLAS SUTRO,

                    Plaintiffs,

      - against -

UNITED STATES OF AMERICA,

LORI CHAVEZ-DEREMER, in her official capacity as Secretary of the United States Department of Labor;

DANIEL ARONOWITZ, in his official capacity as Assistant Secretary of the United States Department of Labor; and

JANET DHILLON, in her official capacity as Principal Deputy Assistant Secretary of the United States Department of Labor,

                    Defendants.

**AMENDED CIVIL CASE MANAGEMENT PLAN AND SCHEDULING ORDER**

25 Civ. 8935 (PGG)

PAUL G. GARDEPHE, U.S.D.J.:

      After consultation with counsel for the parties, the Court adopts the following Civil Case Management Plan and Scheduling Order, in accordance with Federal Rules of Civil Procedure 16 and 26(f).

1.   All parties **do not** consent to conducting further proceedings before a Magistrate Judge, including motions and trial, pursuant to 28 U.S.C. § 636(c).

2.   This case **is not** to be tried to a jury.

3.   Unless added by way of an amended complaint under Paragraph 4, no additional parties may be joined except with leave of the Court and for good cause shown.

4.   Plaintiffs may amend their complaint without leave of the Court no later than **December 23, 2025**. Thereafter, a party may not amend its pleadings except for good cause shown.

5.   Initial disclosures under Federal Rule of Civil Procedure 26(a)(1) are not required because this is an administrative record case. Fed. R. Civ. P. 26(a)(1)(B)(i).

6.      Defendants shall respond to the complaint (or amended complaint) by **January 16, 2026**. If Defendants move to dismiss, the requirement of a pre-motion letter is waived, and briefing will proceed as follows:

      a.   Motion to dismiss: **January 16, 2026**.

      b.   Opposition: **February 20, 2026**.

      c.   Reply: **March 6, 2026**.

7.      If the motion to dismiss is denied, Defendants will file their answer within **14 days** thereafter.

8.      If Plaintiffs amend their complaint to include class allegations, briefing on Plaintiffs' motion for class certification will proceed as follows:

      a.   Motion for class certification: **January 16, 2026**.

      b.   Opposition: **March 20, 2026**.

      c.   Reply: **April 3, 2026**.

The requirement of a pre-motion letter is waived for the motion for class certification.

9.      The parties do not anticipate fact or expert discovery because this is an administrative record case.

10.    If all parties consent in writing, they may extend the following interim deadlines without application to the Court, provided that the parties file the administrative record and brief any motion related to the completeness of the administrative record by the dates to be set by the Court pursuant to Paragraph 10(c). This Order's interim deadlines are as follows:

      a.   By **January 23, 2026**, Defendants will informally provide Plaintiffs with copies of core documents anticipated to be in the administrative record and will informally discuss with Plaintiffs the criteria anticipated by Defendants to be used to define the scope of the administrative record. The parties understand that this informal production will not be comprehensive. The parties also understand that Defendants will not be bound by this informal production of documents and discussion of criteria and that Defendants reserve the right to subsequently modify both.

      b.   By **January 30, 2026**, the parties will meet and confer regarding the content of the administrative record, including Defendants' anticipated handling of deliberative material related to the advisory opinion at issue. Defendants will be prepared at this meeting to discuss their view on whether additional document collection and review is required before finalizing the administrative record; the rationale for that view; and the anticipated timeline for completing and filing the

2

administrative record. Plaintiffs will have an opportunity to express any disagreement or concerns.

    c. By **February 7, 2026**, taking into account the matters discussed at the meet and confer pursuant to Paragraph 10(b), the parties will submit a joint letter to the Court proposing a date for the filing of the administrative record and deadlines for briefing any anticipated motion by Plaintiffs related to the completeness of the administrative record. The Court will then set deadlines for filing the administrative record and any such motion, for which the requirement of a pre-motion letter is waived.

11. The parties agree that because this is an administrative record case, it will be resolved on a motion to dismiss or cross-motions for summary judgment, and will not require trial.

12. Defendants shall file a motion for summary judgment by **45 days** after the later of an order denying Defendants' motion to dismiss, a decision that the record is complete, and a decision on any motion for class certification. "A decision that the record is complete" means the later of (i) the expiration of the deadline in Paragraph 10(c) without Plaintiffs having filed a motion concerning the completeness of the administrative record, and (ii) the resolution by the Court of any such motion and any subsequent action by Defendants called for by the Court's resolution. The requirement of a pre-motion letter is waived for this summary judgment motion.

13. Plaintiffs will oppose Defendants' motion for summary judgment and cross-move (if appropriate) within **35 days**. Defendants shall file a reply and opposition to any cross-motion **28 days** after that, and Plaintiffs shall file a reply on a cross-motion **14 days** later. The requirement of a pre-motion letter is waived for this cross-motion.

    This ORDER may not be modified or the dates herein extended, except by further Order of this Court for good cause shown. Any application to modify or extend must be made in a written application in accordance with the Court's Individual Practices.

Dated: New York, New York
       February 13, 2026

SO ORDERED.

_Paul G. Gardephe_
Paul G. Gardephe
United States District Judge

3