UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| STEVE SHERESKY, JEFFREY SAMSEN, and NICHOLAS SUTRO,<br><br>     Plaintiffs,<br><br>v.<br><br>UNITED STATES OF AMERICA;<br><br>LORI CHAVEZ-DEREMER, in her official capacity as Secretary of the United States Department of Labor;<br><br>DANIEL ARONOWITZ, in his official capacity as Assistant Secretary of the United States Department of Labor; and<br><br>JANET DHILLON, in her official capacity as Principal Deputy Assistant Secretary of the United States Department of Labor,<br><br>     Defendants. | No. 25-cv-08935<br><br>Related to Shafer v. Morgan Stanley, No. 1:20-cv-11047 (S.D.N.Y.) |

### DECLARATION OF MATHEW P. JASINSKI
### IN OPPOSITION TO DEFENDANTS' MOTION TO DISMISS

I, Mathew P. Jasinski, declare as follows:

   1.   I am a member at Motley Rice LLC and counsel of record for Plaintiffs in this action.

   2.   I submit this declaration in opposition to Defendants' Motion to Dismiss.

   3.   I have personal knowledge of the matters set forth herein and, if called as a witness, could and would competently testify thereto.

   4.   Motley Rice, together with Ajamie LLP and Izard, Kindall & Raabe LLP, collectively represent numerous former Morgan Stanley financial advisors in pending FINRA

arbitration proceedings challenging Morgan Stanley's cancellation of deferred compensation under the Equity Incentive Compensation Plan ("EICP") and/or Morgan Stanley Compensation Incentive Plan ("MSCIP") on the ground that these plans are part of an employee pension benefit plan governed by the Employee Retirement Income Security Act ("ERISA"), 29 U.S.C. § 1001 et seq.

5. Among Motley Rice's clients in FINRA arbitrations against Morgan Stanley (as described in ¶ 4) are Plaintiffs Jeffrey Samsen and Steve Sheresky, named Plaintiffs here, who commenced their arbitration on February 22, 2024.

6. Attached to the First Amended Class Action Complaint as Exhibit 2 is a true and accurate copy of the United States Department of Labor Advisory Opinion 2025-03A (the "Advisory Opinion").

7. After the DOL issued its Advisory Opinion, counsel for Morgan Stanley sent counsel for claimants in pending arbitrations against Morgan Stanley identical letters that stated, among other things: "Morgan Stanley is permitted to rely on the advisory opinion as the official position of the DOL on whether ERISA applies to Morgan Stanley's deferred compensation program," and "Claimants now face not only the near certainty of losing their case, but also having to pay Morgan Stanley's attorneys' fees and costs, which will be well into six figures, if not higher, by the time the arbitration concludes." Attached to the First Amended Class Action Complaint as Exhibit 13B is a true and accurate copy of the October 20, 2025, letter Morgan Stanley sent to Counsel for Jeffrey Samsen and Steve Sheresky. (The names of other claimants as well as the specific settlement offer received from Morgan Stanley have been redacted.) Morgan Stantley sent substantively identical letters in every pending arbitration in which Motley Rice represents the claimants.

8. Counsel for Morgan Stanley also consistently and repeatedly cite to and rely on the Advisory Opinion in motion papers and hearings in the pending arbitrations. By way of example, on December 15, 2025, Morgan Stanley responded to a motion to compel filed by the claimants in FINRA arbitration No. 24-01543. Attached hereto as Exhibit 1 is a true and accurate copy of excerpts from the foregoing response, with relevant passages highlighted.[1] Morgan Stanley's response opened (on pages 1-2): "Just three months ago, the United States Department of Labor ('DOL')—the federal agency responsible for the enforcement of the Employee Retirement Income Security Act of 1974 ('ERISA')—publicly issued a formal advisory opinion in which it concluded that Morgan Stanley's deferred compensation program is not subject to ERISA."

9. Morgan Stanley asserted that the Advisory Opinion "undercuts the very premise of Claimants' case" (page 2) and "enables this Panel to act with the benefit of the relevant government agency's view on the legality of the very deferred compensation program at issue in this case" (page 4). Morgan Stanley argued that the claimants' document requests should be denied because they seek information about issues the DOL has already addressed, stating (on page 13): "As the DOL recognized in its Advisory Opinion, the plan documents unequivocally show that Morgan Stanley's awards are ERISA-exempt retention bonuses, not ERISA-governed pension plans. . . . Nothing more is needed." Morgan Stanley further stated (on page 3): "The DOL's Advisory Opinion validates [prior arbitration decisions], and affirms what was already clear from fifty years of relevant authority: Morgan Stanley's deferred compensation awards are ERISA-exempt retention bonuses, not pensions; and Claimants' pursuit of a windfall recovery based on a theory their lawyers fabricated is entirely frivolous."

---

[1] The names of the claimants have been redacted.

10.    Morgan Stanley has advanced the same arguments, using nearly identical language, in opposing similar motions to compel filed by claimants in other arbitrations, including most recently, FINRA No. 24-01051 (January 15, 2026), FINRA No. 24-00765 (January 27, 2026), and FINRA No. 24-01363 (February 17, 2026).

11.    Attached hereto as Exhibit 2 is a true and accurate copy of Advisory Opinion No. 24-06 issued by the Office of the Inspector General of the Department of Health and Human Services on July 18, 2024.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

Executed on February 20, 2026, in Hartford, Connecticut.

Mathew P. Jasinski