# EXHIBIT 1

## FINRA DISPUTE RESOLUTION SERVICES



,

                                    Claimants,

vs.                                                             FINRA-DR Arbitration No. 24-01543

MORGAN STANLEY, MORGAN STANLEY
SMITH BARNEY LLC, and MORGAN
STANLEY COMPENSATION
MANAGEMENT DEVELOPMENT AND
SUCCESSION COMMITTEE,

                                    Respondents.
_____/

## RESPONDENTS' RESPONSE TO CLAIMANTS' MOTION TO COMPEL

Respondents, MORGAN STANLEY, MORGAN STANLEY SMITH BARNEY LLC, and MORGAN STANLEY COMPENSATION MANAGEMENT DEVELOPMENT AND SUCCESSION COMMITTEE (collectively "Morgan Stanley" or the "Firm"), submit this response to the Motion to Compel filed by Claimants, ▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉ (collectively, "Claimants") ("Response"). For the reasons set forth below, Claimants' Motion should be denied in its entirety.

I.   **INTRODUCTION**

Just three months ago, the United States Department of Labor ("DOL")—the federal agency responsible for the enforcement of the Employee Retirement Income Security Act of 1974

1

**Greenberg Traurig, P.A. | Attorneys at Law**

("ERISA")—publicly issued a formal advisory opinion in which it concluded that Morgan Stanley's deferred compensation program is not subject to ERISA.  Specifically, the DOL stated:

> [W]e find the program, by its express terms, not to be an employee pension benefit plan within the meaning of ERISA section 3(2)(A). . . . Taking into account both the program's design and operative provisions, its annual disclosures, the data on when most awards were received, and all other materials you provided . . . the Department has no reason to believe that the deferred incentive compensation program is an employee benefit pension plan under ERISA section 3(2)(A) as a result of [the] surrounding circumstances. At any rate, the deferred incentive compensation program qualifies as an exempt "bonus program" under 29 C.F.R. § 2510.3-2(c).

DOL Advisory Op. 2025-03A, 2025 WL 2642870, at *4–5 (Sept. 9, 2025) (attached as Exhibit 1). In support of that conclusion, the DOL cited both its prior guidance to the employer community and decisions of the courts, affirming Morgan Stanley's decision to design its deferred incentive compensation program consistent with that longstanding authority.

Needless to say, the DOL's Advisory Opinion undercuts the very premise of Claimants' case.  Not surprisingly, Claimants make no mention of the DOL Advisory Opinion in their Motion.[1] Undeterred by its detrimental impact on their claims, Claimants remain steadfast in their theory that Morgan Stanley's deferred compensation awards are ERISA-governed pensions simply because they permit compensation to be paid to former employees in certain narrow, humanitarian circumstances (*e.g.*, upon the advisor's death or disability).  The DOL, however, consistent with the chorus of courts deciding the issue since ERISA's enactment, firmly rejected that assertion:

> [T]he mere fact that the terms of the program contemplate limited situations where an award could be paid after termination of employment does not implicate a deferral of income of the kind contemplated by ERISA section 3(2)(A).

---

[1] On October 28, 2025, three former Morgan Stanley advisors (who are also current claimants in other similar FINRA arbitrations) filed a complaint against the DOL in the United States District Court for the Southern District of New York.  In that complaint, the former financial advisors have requested that the court vacate and set aside the DOL's Advisory Opinion.  Those three financial advisors are represented by the same law firm who is representing Claimants in this case.

2

**Greenberg Traurig, P.A. | Attorneys at Law**

*Id.* at *4; *see also id.* at *3 n.9 (collecting cases). Claimants also advance the argument that the deferred compensation awards at issue are actually "commissions" and not bonuses, thus bringing the plans under ERISA's purview. The DOL, however, dispensed with this argument as well, distinguishing the awards from commissions:

> The awards are unsecured and not guaranteed, **unlike salary and commissions**, there is no accrual (*i.e.*, no partial payouts for partial periods of performance) and financial advisors are notified annually about the express purposes and conditions of the program and informed that it is not a retirement plan subject to ERISA.

*Id.* at *5 (emphasis added).

The Advisory Opinion comes on the heels of ***five consecutive*** decisions by FINRA panels rejecting materially identical claims against Morgan Stanley,[2] as well as a district court summary judgment decision holding that ERISA's pension rules likewise do not apply to Merrill Lynch's substantially similar deferred compensation program.[3] ==The DOL's Advisory Opinion validates those decisions, and affirms what was already clear from fifty years of relevant authority: Morgan Stanley's deferred compensation awards are ERISA-exempt retention bonuses, not pensions; and Claimants' pursuit of a windfall recovery based on a theory their lawyers fabricated is entirely frivolous.==[4]

---

[2] *See* Ex. 2, Award, *Rude v. Morgan Stanley*, FINRA Arb. No. 22-02183 (June 17, 2024); Ex. 3, Award, *DeBlasio. v. Morgan Stanley*, FINRA Arb. No. 22-02187 (Jan. 10, 2025); Ex. 4, Award, *Zapoleon v. Morgan Stanley*, FINRA Arb. No. 23-03591 (Feb. 6, 2025); Ex. 5, Award, *O'Neill v. Morgan Stanley*, FINRA Arb. No. 24-00358 (Aug. 8, 2025); Ex. 6, Award, *Schon v. Morgan Stanley*, FINRA Arb. No. 24-01091 (Aug. 21, 2025).

[3] *See* Ex. 7, *Milligan v. Bank of America Corp.*, 2025 WL 892972, at *5–6 (W.D.N.C. Mar. 11, 2025). In *Milligan*, plaintiffs' counsel were also Claimants' counsel here, and in opposing summary judgment, argued that "Merrill's Plan is essentially the same as…Morgan Stanley's ERISA plans…" inviting the *Milligan* court to draw a favorable comparison to the *Shafer* decision. But the *Milligan* court (like the DOL) was not persuaded it should follow *Shafer*.

[4] Claimants' Motion, like their Statement of Claim, relies on a New York judge's dicta that (in his order compelling other advisors to arbitrate similar claims) Morgan Stanley's awards are subject to ERISA. Mot. at 4-6; *see generally Shafer v. Morgan Stanley*, 2023 WL 8100717 (S.D.N.Y. Nov. 21, 2023). In July 2025, the United States Court of Appeals for the Second Circuit confirmed it does not bind arbitration panels

3

**Greenberg Traurig, P.A. | Attorneys at Law**

www.gtlaw.com

This is a simple case—made even simpler by the DOL's Advisory Opinion, which enables this Panel to act with the benefit of the relevant government agency's view on the legality of the very deferred compensation program at issue in this case. Faced with the avalanche of recent developments that completely eviscerate their allegations, Claimants have now focused their efforts on obtaining onerous and unrelated documents in discovery in a blatant Hail Mary attempt to drive up Morgan Stanley's costs to defend against their baseless claims. That's not how discovery works, and their gamesmanship should not be tolerated.

**II.    FACTUAL BACKGROUND**

Morgan Stanley issues deferred compensation awards that are contingent on the financial advisor remaining employed with the Firm and in good standing through a vesting period. If an advisor stays at Morgan Stanley and avoids engaging in prohibited conduct through the vesting date, he or she will *earn* the award as a bonus for doing so. By contrast, if an advisor chooses to depart Morgan Stanley for a competitor (like Claimants did here) or engages in other prohibited conduct and is terminated before the vesting date, the award will be cancelled. The awards serve very specific and important purposes for Morgan Stanley: to incentivize advisors to remain in their positions at Morgan Stanley and to engage in good conduct with their clients and assets.

Claimants are former Morgan Stanley financial advisors who received deferred compensation awards. Claimants understood and agreed to the terms of those awards, and indeed received payment on thousands of dollars of awards that vested *during* their employment with the

---

evaluating similar claims. *See Shafer v. Morgan Stanley*, 2025 WL 1890535, at *2 (2d Cir. July 9, 2025) (stating "Morgan Stanley is free to argue to those arbitrators that the district court's conclusion that the plans were governed by ERISA was dictum and was legally incorrect. Indeed, Morgan Stanley admits that it has already done so—successfully—in some of the intervening arbitrations."). That the superfluous district court opinion lacks even persuasive force here is demonstrated by the fact that FINRA panel after FINRA panel has rejected similar claims, and that the DOL declined to even cite the case in its Advisory Opinion—instead relying on several of the key appellate court decisions from which the district court's dicta in *Shafer* deviated. *See* Ex. 1, DOL Advisory Op. 2025-03A, 2025 WL 2642870, at *3 n.9.

4

**Greenberg Traurig, P.A. | Attorneys at Law**

www.gtlaw.com

compensation awards at issue. Now, Claimants move to compel production of some vague universe of documents related to other Morgan Stanley bonus plans that are not at issue in this arbitration. Documents related to other bonus plans have no bearing on whether the awards at issue are subject to ERISA. Claimants' request goes well beyond the scope of permissible discovery. FINRA Rule 13506(b) only permits parties to request documents that "relate to the matter in controversy." This case concerns deferred incentive compensation awards issued to Claimants under two plans, the MSCIP and EICP. The question whether the awards issued under either of those plans is an ERISA-governed pension—the core dispute in this case—focuses on: (i) the express terms of the awards which state the purpose of the awards; (ii) the surrounding circumstances regarding how the awards operate and are administered; and (iii) the DOL's bonus regulation. As the DOL recognized in its Advisory Opinion, the plan documents unequivocally show that Morgan Stanley's awards are ERISA-exempt retention bonuses, not ERISA-governed pension plans. *See* Ex. 1, DOL Advisory Op. 2025-03A, 2025 WL 2642870, at *5–6. Nothing more is needed.

But in addition, Morgan Stanley has also produced all emails to and received from Claimants regarding deferred compensation. Claimants know what the plan documents stated and what was stated to them regarding same. Significantly, this collection of documents, together with the other categories of documents Morgan Stanley has already produced or has agreed to produce, comprises the "full array of documents" that the *Shafer* court was not presented with, as Morgan Stanley has argued and as Claimants reference repeatedly in their Motion. *See* Motion at 5-7. Claimants do not and cannot contend that Morgan Stanley has failed to produce any relevant plan-related documents in connection with their MSCIP and EICP awards. Instead, they are now seeking extensive discovery about plans that are indisputably ***not at issue in this arbitration***.

13

**Greenberg Traurig, P.A. | Attorneys at Law**

www.gtlaw.com

Claimants' unvested deferred compensation was cancelled because they all voluntarily resigned from Morgan Stanley. As such, any data or information relating to other financial advisors' "good guardianship" is not related to the matter in controversy. Moreover, under FINRA's rules, Morgan Stanley is not required to create documents for litigation, which this response would require. Thus, Morgan Stanley should not be ordered to create and produce documents responsive to RFD No. 48.

## VI.    CONCLUSION

For the reasons stated above, Morgan Stanley respectfully requests that the Chairperson deny Claimants' Motion.

Dated: December 15, 2025                        Respectfully submitted,

GREENBERG TRAURIG, P.A.

By: _____
Tracy L. Gerber, Esq. (FBN 21245)
E-Mail: gerbert@gtlaw.com
Beth A. Black, Esq. (FBN 116371)
E-Mail: blackb@gtlaw.com
Travis R. Chapin, Esq. (FBN 35479)
E-Mail: chapint@gtlaw.com
777 South Flagler Drive, Suite 300 East
West Palm Beach, FL  33401
Telephone: 561.650.7900