# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| STEVE SHERESKY, JEFFREY SAMSEN, and NICHOLAS SUTRO, | |
| Plaintiffs, | No. 25-cv-08935 |
| v. | Related to Shafer v. Morgan Stanley, No. 1:20-cv-11047 (S.D.N.Y.) |
| UNITED STATES OF AMERICA; | |
| LORI CHAVEZ-DEREMER, in her official capacity as Secretary of the United States Department of Labor; | **MEMORANDUM OF LAW IN SUPPORT OF CLASS CERTIFICATION** |
| DANIEL ARONOWITZ, in his official capacity as Assistant Secretary of the United States Department of Labor; and | |
| JANET DHILLON, in her official capacity as Principal Deputy Assistant Secretary of the United States Department of Labor, | |
| Defendants. | |

Mathew P. Jasinski
MOTLEY RICE LLC
20 Church St., 17th Floor
Hartford, CT 06103
(860) 882-1681
mjasinski@motleyrice.com

*New York Office:*
800 Third Avenue, Suite 2401
New York, New York 10022

## TABLE OF CONTENTS

I.     INTRODUCTION ........................................................................................................ 1

II.    BACKGROUND ......................................................................................................... 2

III.   PROPOSED CLASS DEFINITION AND REPRESENTATIVES.................................... 5

IV.    LEGAL STANDARD ................................................................................................. 6

V.     ARGUMENT.............................................................................................................. 7

      A.     The proposed Class satisfies Rule 23(a). .................................................................. 7

            1.     Numerosity is satisfied.................................................................................. 7

            2.     Commonality is satisfied............................................................................... 7

            3.     Typicality is satisfied. .................................................................................. 9

            4.     Adequacy is satisfied. ................................................................................ 10

      B.     Class treatment is appropriate under Rule 23(b)(2)................................................11

VI.    CONCLUSION......................................................................................................... 12

**TABLE OF AUTHORITIES**

**Cases**

*Amara v. CIGNA Corp.*,
 775 F.3d 510 (2d Cir. 2014) ...................................................................................6, 11

*Baffa v. Donaldson, Lufkin & Jenrette Secs. Corp.*,
 222 F.3d 52 (2d Cir. 2000) ........................................................................................11

*Barrows v. Becerra*,
 24 F.4th 116 (2d Cir. 2022) .......................................................................................11

*Central States Se. & Sw. Areas Health & Welfare Fund v. Merck-Medco Managed Care, LLC*,
 504 F.3d 229 (2d Cir. 2007) ....................................................................................... 9

*Consol. Rail Corp. v. Town of Hyde Park*,
 47 F.3d 473 (2d Cir. 1995) ........................................................................................ 7

*Denney v. Deutsche Bank AG*,
 443 F.3d 253 (2d Cir. 2006) ...................................................................................... 10

*Floyd v. City of New York*,
 283 F.R.D. 153 (S.D.N.Y. 2012) ................................................................................ 9

*Hanks v. Lincoln Life & Annuity Co. of New York*,
 330 F.R.D. 374 (S.D.N.Y. 2019) ............................................................................ 7, 8

*In re Petrobas Securities*,
 862 F.3d 250 (2d Cir. 2017) ...................................................................................... 7

*Johnson v. Nextel Comm., Inc.*,
 780 F.3d 128 (2d Cir. 2015) ...................................................................................... 8

*L.V.M. v. Lloyd*,
 318 F. Supp. 3d 601 (S.D.N.Y. 2018) ..................................................................... 8, 9

*Long v. HSBC USA Inc.*,
 2015 WL 5444651 (S.D.N.Y. Sept. 11, 2015) ........................................................... 7

*Sacerdote v. New York Univ.*,
 2018 WL 840364  (S.D.N.Y. Feb. 13, 2018) ............................................................ 10

*Shafer v. Morgan Stanley*,
 2023 WL 8100717 (S.D.N.Y. Nov. 21, 2023) ...................................................... 3, 4, 8

*Shafer v. Morgan Stanley*, ,
 2024 WL 4697235 (S.D.N.Y. Nov. 5, 2024) ....................................................... 3, 4, 8

*Staley v. FSR Int'l Hotel, Inc.*,
    2024 WL 3534450 (S.D.N.Y. July 25, 2024) ........................................................... 7

*Wal-Mart Stores, Inc. v. Dukes*,
    564 U.S. 338 (2011) .............................................................................................8, 11

*Wood v. Mike Bloomberg 2020, Inc.*,
    746 F. Supp. 3d 185 (S.D.N.Y. 2024) ................................................................... 7

**Statutes**

29 U.S.C. § 1002(2)(A)(ii) ............................................................................................ 8

**Rules**

Fed. R. Civ. P. 23(a) ..................................................................................................... 6

Fed. R. Civ. P. 23(a)(1) ................................................................................................ 7

Fed. R. Civ. P. 23(a)(2) ................................................................................................ 7

Fed. R. Civ. P. 23(a)(3) ................................................................................................ 9

Fed. R. Civ. P. 23(a)(4) ............................................................................................. 10

Fed. R. Civ. P. 23(b)(2) ..............................................................................................11

**Regulations**

29 C.F.R. § 2510.3-2(c) ........................................................................................... 3, 4

## I.    INTRODUCTION

Plaintiffs are three of at least 217 former Morgan Stanley financial advisors ("FAs") who have brought claims under the Employee Retirement Income Security Act ("ERISA") against Morgan Stanley to recover their deferred compensation. In this case, Plaintiffs, individually and as representatives of a putative Class comprised of those former Morgan Stanley FAs, challenge Department of Labor ("DOL") Advisory Opinion 2025-03A, 2025 WL 2642870 (Sept. 9, 2025) (the "Advisory Opinion"), which concluded that ERISA does not apply to Morgan Stanley's deferred-compensation plans for FAs. Plaintiffs assert that the Advisory Opinion is unlawful under the Administrative Procedure Act ("APA") and seek declaratory relief and vacatur of the Advisory Opinion so it will not interfere with the adjudication of their claims against Morgan Stanley. Because the Advisory Opinion prejudices scores of arbitrations in the same way, Plaintiffs' claims are well-suited for class certification.

The proposed Class is comprised of former Morgan Stanley FAs with pending ERISA arbitration or litigation claims and is well-suited for a class action, satisfying each of the Rule 23 requirements for certification. First, the proposed Class comfortably surpasses this Circuit's forty-person presumptive minimum for numerosity. *Infra* at 7. Second, commonality exists because the facts and legal analysis relevant to determining whether the Advisory Opinion is unlawful under the APA are identical for each Class member. *Infra* at 7-9. Third, the named Plaintiffs' claims are sufficiently typical of the proposed Class because the DOL rendered an Advisory Opinion on plans that each Class member participated in and is challenging in other proceedings, and the legal arguments available to challenge the Advisory Opinion are the same for all proposed Class members. *Infra* at 9. Fourth, the named Plaintiffs are adequate Class representatives because they are well-positioned to prosecute this action vigorously on behalf of the class, and proposed Class

1

counsel have extensive experience representing plaintiffs in class actions and litigating ERISA and APA claims. *Infra* at 10-11. Finally, because Plaintiffs seek non-monetary declaratory and injunctive remedies that will uniformly apply to and benefit the Class, this proposed Class should be certified under Rule 23(b)(2). *Infra* at 11-12.

Because the proposed Class satisfies all Rule 23(a) requirements and seeks relief consistent with Rule 23(b)(2), the Court should grant Plaintiffs' motion for class certification.

## II.     BACKGROUND

Named Plaintiffs Steve Sheresky, Jeffrey Samsen, and Nicholas Sutro are former Morgan Stanley FAs who earned commissions pursuant to their overall compensation plan, including the Morgan Stanley Compensation Incentive Plan ("MSCIP") and the Equity Incentive Compensation Plan ("EICP") (collectively, the "Plans"). Sheresky Decl. ¶ 4; Samsen Decl. ¶ 4, Sutro Decl. ¶ 4; First Am. Class Action Compl., ECF 37 ("Am. Compl."), ¶ 25. Under these Plans, Morgan Stanley required FAs to defer a portion of their commissions for distribution four, six, or eight years later. Sheresky Decl. ¶ 4; Samsen Decl. ¶ 4, Sutro Decl. ¶ 4; First Am. Class Action Compl., ECF 37 ("Am. Compl."), ¶ 25. When Plaintiffs left Morgan Stanley, the firm "cancelled,"—i.e., withheld—Plaintiffs' unpaid deferred commissions. Sheresky Decl. ¶ 5; Samsen Decl. ¶ 5, Sutro Decl. ¶ 5; Am. Compl. ¶¶ 11-13.

Former Morgan Stanley FAs brought a putative Class action against Morgan Stanley in 2020 (which Plaintiffs Sheresky and Samsen joined in 2022), alleging that the cancellation policy violates ERISA. *See* Pls.' Am. Class Action Compl. ¶¶ 18, 20, 68-71, *Shafer v. Morgan Stanley*, No. 1:20-cv-11047-PGG (March 24, 2022), ECF 58. Specifically, the operative complaint in *Shafer* asserted that the Plans were "employee pension benefit plans" under ERISA, 29 U.S.C. § 1002(2)(A)(ii), because the Plans "result[] in a deferral of income by employees for periods

2

extending to the termination of covered employment or beyond," *id.* at ¶¶ 53-67, and that Morgan Stanley's cancellation policy violates ERISA's vesting provisions, *id.* at ¶¶ 68-71.

Morgan Stanley moved to compel arbitration of the claims in *Shafer*. *See Shafer v. Morgan Stanley*, 2023 WL 8100717, at *7 (S.D.N.Y. Nov. 21, 2023) ("*Shafer I*"). In the process of deciding (and granting) Morgan Stanley's motion to compel arbitration, this Court determined that the Plans are governed by ERISA and are not "bonus programs" exempt from ERISA under a DOL regulation, 29 C.F.R. § 2510.3-2(c). *Shafer I*, 2023 WL 8100717, at *15-20. Morgan Stanley then moved for reconsideration, arguing that this Court's order in *Shafer I* should not have decided whether ERISA applied and that this Court's findings were "clear errors." *See Shafer v. Morgan Stanley*, 2024 WL 4697235, at *10 (S.D.N.Y. Nov. 5, 2024) ("*Shafer II*"). While that reconsideration motion was pending, the named Plaintiffs in this case—as well as other former Morgan Stanley FAs—filed FINRA arbitrations challenging Morgan Stanley's cancellation of their deferred compensation. Jasinski Decl. ¶ 5; Rosca Decl. ¶ 5.

After this Court denied the motion for reconsideration, Morgan Stanley petitioned for a writ of mandamus and appealed from both the initial order and the order denying reconsideration. Am. Coml. ¶ 33. The Second Circuit ultimately dismissed Morgan Stanley's appeal and denied its *mandamus* petition on July 9, 2025. *Id*. However, at the same time as Morgan Stanley was asking this Court to withdraw its determinations about ERISA's applicability to the Plans and appealing *Shafer I* and *Shafer II*, Morgan Stanley was also seeking an advisory opinion from the DOL about the same issues, in violation of DOL's policy not to issue advisory opinions as to issues that are the subject of pending litigation. *Id.* ¶¶ 36-38. On September 9, 2025, the DOL issued the Advisory Opinion, in which it concluded that the Plans are not "employee pension benefit plans" under

3

ERISA's statutory definition and, in the alternative, are exempt "bonus programs" under 29 C.F.R. § 2510.3-2(c). Jasinski Decl. at Ex. 1; Am. Compl. ¶ 72.

Armed with the Advisory Opinion, Morgan Stanley has repeatedly asserted that the putative Class members' ERISA claims in their FINRA arbitrations are frivolous, and Morgan Stanley is threatening to seek substantial attorneys' fees and costs from those who do not dismiss their arbitrations with prejudice. Jasinski Decl. ¶¶ 7-8, Ex. 2; Rosca Decl. ¶ 6, Ex. 1; *see also* Am. Compl. ¶¶ 81-82. Morgan Stanley represents that it will make identical arguments as to the ERISA issues in upcoming arbitrations, and will rely on the Advisory Opinion to defeat its former FAs' claims and seek fees and costs from them. *Id*. The Advisory Opinion thus prejudices every former Morgan Stanley financial advisor with a pending claim challenging the cancellation of deferred compensation under ERISA.

Plaintiffs bring this action on behalf of the putative Class to challenge the Advisory Opinion as arbitrary, capricious, contrary to law, and procedurally defective under the APA, 5 U.S.C. § 701 *et seq*. Am. Compl. ¶¶ 5, 8. Plaintiffs allege in Count One that the Advisory Opinion violates the APA because its interpretation of ERISA is contrary to law. *Id.* ¶¶ 97-106. Crucially, the Advisory Opinion's ERISA-coverage test imports an atextual focus on a plan's "purpose," even though the statute articulates a "results" test focusing on a plan's actual effects, as explained in caselaw. *Id.* ¶¶ 63, 99-103. In addition, the DOL improperly applied the bonus regulation, 29 C.F.R. § 2510.3-2(c), which is both irrelevant to the Plans and contradicts ERISA's text. Am. Compl. ¶ 73-77, 104.

Plaintiffs allege in Count Two that the Advisory Opinion is arbitrary and capricious under the APA because the DOL failed to consider or discuss relevant precedent, including this Court's decisions in *Shafer I* and *Shafer II*, even though Morgan Stanley told the DOL that this Court had

4

twice concluded that the Plans were governed by ERISA. *Id.* ¶¶ 46, 48, 69-72, 107-15. Plaintiffs also contend the Advisory Opinion should be vacated because the DOL erroneously and baselessly concluded that various regulatory bodies "require" firms to defer employee compensation based on mischaracterizations in Morgan Stanley's requests. *Id.* ¶¶ 64-68, 113-14.

Plaintiffs allege in Count Three that the Advisory Opinion violates the APA because the DOL issued it in contravention of its own procedural requirements. *Id.* ¶¶ 116-23. The DOL applied the Advisory Opinion retrospectively to plan years 2015 through 2021, despite its policy of issuing advisory opinions only for "prospective transactions." *Id.* ¶¶ 20, 39, 118. The DOL also issued the Advisory Opinion knowing that Morgan Stanley wanted to use it to undermine "dozens of very expensive claims [that] have been filed against Morgan Stanley," *id.* ¶ 48, even though DOL policy states that it does not issue advisory opinions "for use in any investigation or litigation matter that existed before submitting your request," *id.* ¶¶ 24, 119. And the DOL failed to describe all parties involved, namely, the putative Class. *Id.* ¶¶ 21, 58, 121.

Plaintiffs therefore seek vacatur of the Advisory Opinion, and declarations that: its interpretation of ERISA is contrary to law; it is arbitrary, capricious, and not in accordance with law; it was improperly issued in violation of DOL procedures; and the DOL regulation is invalid to the extent that it conflicts with ERISA's statutory "results" test. *Id*. at p. 28. These injunctive remedies would ensure that the arbitrations of Class members' claims proceed without interference from the DOL's unlawful advisory opinion.

## III.    PROPOSED CLASS DEFINITION AND REPRESENTATIVES

Plaintiffs seek to certify the following class:

> All former financial advisors of Morgan Stanley Smith Barney ("Morgan Stanley") with pending arbitration or litigation proceedings against Morgan Stanley that were commenced on or after December 30, 2020, and challenge the cancellation of deferred compensation awards under the Equity

> Incentive Compensation Plan and/or Morgan Stanley Compensation Incentive Plan on the ground that Morgan Stanley's deferred-compensation program constitutes an employee pension benefit plan governed by the Employee Retirement Income Security Act, 29 U.S.C. § 1001 *et seq*.

Am. Compl. ¶ 85 (the "Class"). The named Plaintiffs, Steve Sheresky, Jeffrey Samsen, and Nicholas Sutro, are the proposed Class representatives. Each worked for Morgan Stanley as an FA and participated in the Plans. Sheresky Decl. ¶¶ 3-4; Samsen Decl. ¶¶ 3-4; Sutro Decl. ¶¶ 3-4. Each commenced arbitration proceedings against Morgan Stanley after December 30, 2020.[1] Sheresky Decl. ¶ 9 (February 2024); Samsen Decl. ¶ 9 (February 2024); Sutro Decl. ¶ 6 (May 2024); Jasinski Decl. ¶ 5; Rosca Decl. ¶ 5. And each challenges Morgan Stanley's cancellation of deferred compensation on the basis that the Plans constitute an employee pension benefit plan governed by ERISA. *Id.*

## IV.    LEGAL STANDARD

Class certification is proper where the proposed Class satisfies Rule 23(a)'s requirements and where the relief sought is appropriate under Rule 23(b). Rule 23(a) requires that, by a preponderance of the evidence: (1) the class is so numerous that joinder of all members is impracticable; (2) there are questions of law or fact common to the class; (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class; and (4) the representative parties will fairly and adequately protect the interests of the class. Fed. R. Civ. P. 23(a); *Amara v. CIGNA Corp.*, 775 F.3d 510, 519 (2d Cir. 2014). A class should be certified under Rule 23(b)(2) where a single injunction or declaratory judgment would benefit the class overall. Fed. R. Civ. P. 23(b)(2); *see, e.g.*, *Amara*, 775 F.3d at 520. And the Court should resolve any "doubts concerning the propriety of class certification . . . in favor of class certification." *Wood v.*

---

[1] The original plaintiffs in *Shafer* filed that putative class action on December 30, 2020. Pls.' Class Action Compl., *Shafer I*, 1:20-cv-11047-PGG (Dec. 30, 2020), ECF 1.

*Mike Bloomberg 2020, Inc.*, 746 F. Supp. 3d 185, 194 (S.D.N.Y. 2024) (quoting *Long v. HSBC USA Inc.*, 2015 WL 5444651, at *6 (S.D.N.Y. Sept. 11, 2015)).

## V.    ARGUMENT

### A.    The proposed Class satisfies Rule 23(a).

#### 1.    Numerosity is satisfied.

Under Rule 23(a)(1), a class action is appropriate when "the class is so numerous that joinder of all members is impracticable." Fed. R. Civ. P. 23(a)(1). Courts in the Second Circuit presume that the numerosity requirement is met if the putative class has forty or more members. *See Staley v. FSR Int'l Hotel, Inc.*, 2024 WL 3534450, at *2 (S.D.N.Y. July 25, 2024) (quoting *Consol. Rail Corp. v. Town of Hyde Park*, 47 F.3d 473, 483 (2d Cir. 1995)). Here, Plaintiffs' counsel collectively represent approximately 217 members of the proposed Class. Jasinski Decl. ¶ 4 (Motley Rice LLC, Ajamie LLP, and Izard, Kindall & Raabe LLP represent approximately 60 Class members); Rosca Decl. ¶ 4 (Rosca Scarlato LLC represents 157 class members); *see also* Klein Decl. ¶ 4; Edwards Decl. ¶ 4. Because the proposed Class includes over two hundred individuals, numerosity is satisfied.[2]

#### 2.    Commonality is satisfied.

Rule 23(a)(2) requires Plaintiffs to show that "there are questions of law or fact common to the class." Fed. R. Civ. P. 23(a)(2). "Class members must have suffered the same injury, which turns upon a common contention." *Hanks v. Lincoln Life & Annuity Co. of New York*, 330 F.R.D. 374, 379 (S.D.N.Y. 2019) (quoting *Wal-Mart Stores, Inc. v. Dukes*, 564 U.S. 338, 350 (2011))

---

[2] The proposed Class definition also satisfies the Second Circuit's "ascertainability requirement," which directs district courts to "consider whether a proposed class is defined using objective criteria that establish a membership with definite boundaries." *In re Petrobas Securities*, 862 F.3d 250, 269 (2d Cir. 2017). Here, the Class is limited to former FAs with ERISA claims pending in arbitration against Morgan Stanley that were commenced after a certain date. This definition provides the Court with "a clear sense of who is suing about what." *Id*.

(cleaned up). Commonality is satisfied if the determination of even *one* question "will resolve *an* issue that is central to the validity of each one of the claims in one stroke." *Wal-Mart*, 564 U.S. at 350 (emphasis added). This "has been characterized as a low hurdle" because "even a single common question will do." *Hanks*, 330 F.R.D. at 379 (quoting *Wal-Mart*, 564 U.S. at 359). Here, there are many legal questions that satisfy commonality, including:

- Whether the Advisory Opinion is unlawful under the APA because it imposes a "purpose test" to determine if ERISA covers a plan under 29 U.S.C. § 1002(2)(A)(ii);

- Whether the Advisory Opinion is unlawful under the APA because it fails to cite, discuss, or distinguish *Shafer I* and *Shafer II*;

- Whether the Advisory Opinion is unlawful under the APA because it erroneously concluded that regulatory bodies "require" firms to defer employees' compensation; and

- Whether the Advisory Opinion should be set aside and vacated.

*See* Am. Compl. ¶¶ 88(a)-(g).

These common questions are variations of one core question: is the Advisory Opinion unlawful under the APA? *Id.* And they are the quintessential examples of questions that are "capable of classwide resolution." *Wal-Mart*, 564 U.S. at 350. "Where the same conduct or practice by the same defendant gives rise to the same kind of claims from all class members, there is a common question." *Johnson v. Nextel Comm., Inc.*, 780 F.3d 128, 137 (2d Cir. 2015).

Here, the crux of the claims brought by all Class members concerns *defendants'* conduct and centers on the legality of the Advisory Opinion. Claims brought against administrative agencies concerning actions and policies are well-suited for class action treatment. For example, in *L.V.M. v. Lloyd*, this district certified a class challenging an agency action as arbitrary and

8

capricious under the APA because deciding that question did "not involve any analysis of independent facts attributable only to individual plaintiffs." 318 F. Supp. 3d 601, 615 (S.D.N.Y. 2018). Here, the DOL issued *one* Advisory Opinion, and it affects all members of the proposed Class. Thus, the Advisory Opinion—and the facts showing how the DOL rendered it—are common across the Class. And the legal analysis to determine whether the Advisory Opinion is unlawful under the APA invites no consideration of the individuals challenging the agency action. *See L.V.M.*, 318 F. Supp. 3d at 615. Because the facts and law bearing on the key question in this case do not vary by Class member, commonality is readily satisfied.

### 3.    Typicality is satisfied.

Rule 23(a)(3) requires that the named Plaintiffs' claims are "typical" of the rest of the proposed Class. Fed. R. Civ. P. 23(a)(3). Typicality is satisfied if each class member's claim "arises from the same course of events," and class members have "similar legal arguments" in support of their claims. *Floyd v. City of New York*, 283 F.R.D. 153, 175 (S.D.N.Y. 2012) (quoting *Central States Se. & Sw. Areas Health & Welfare Fund v. Merck-Medco Managed Care, LLC*, 504 F.3d 229, 245 (2d Cir. 2007)). Here, claims of the named Plaintiffs and each member of the proposed Class arise from DOL's unlawful determination in the Advisory Opinion that ERISA does not apply to Morgan Stanley's Plans. *See* Jasinski Decl. ¶¶ 4-5; Rosca Decl. ¶¶ 4-5; Am. Compl. ¶¶ 3-7. As discussed above, *supra* at 7-9, because the relevant course of events "involves only the defendants' conduct . . . . there is simply no factual variation between the class members' claims." *L.V.M.*, 318 F. Supp. 3d at 616 (cleaned up). Likewise, the Class representatives' bases for challenging the DOL Advisory Opinion—and the relief they pursue—are identical to those available to all Class members. *Id.* Accordingly, Rule 23(a)(3)'s typicality requirement is satisfied.

### 4.    Adequacy is satisfied.

Rule 23(a)(4) concerns the adequacy of the class representatives and class counsel. Here, the named Plaintiffs (i.e., proposed Class representatives) "will fairly and adequately protect the interests of the class," Fed. R. Civ. P. 23(a)(4), because they have an interest "in vigorously pursuing the claims of the class" and are not burdened by conflicts of interest, *Denney v. Deutsche Bank AG*, 443 F.3d 253, 268 (2d Cir. 2006).

As set forth in their respective declarations, each named Plaintiff is committed to prosecuting the case on behalf of all Class members and understands the claims asserted in this case as well as their responsibilities as Class representatives. Sheresky Decl. ¶¶ 10-15; Samsen Decl. ¶¶ 10-15; Sutro Decl. ¶¶ 7-12. The named Plaintiffs' interests are aligned with the rest of the Class—ultimately, they seek to recover their deferred compensation awards that Morgan Stanley withheld. Sheresky Decl. ¶¶ 7-9; 14; Samsen Decl. ¶¶ 7-9; 14; Sutro Decl. ¶¶ 5-6; 11. Two of the named Plaintiffs have been pursuing these claims since at least 2022,[3] and the third filed his arbitration in 2024. Sutro Decl. ¶ 6; Rosca Decl. ¶ 5. The Class representatives are incentivized to establish that the Advisory Opinion was issued in violation of the APA and—at long last—clear the path for a fair adjudication of their claims as well as other Class members' claims. There are no conflicts of interest among Class members, as each seeks the same relief: vacatur of the Advisory Opinion and a declaration that it violates the APA. And because all Class members would benefit equally from such relief, they have "identical legal . . . interests in this action as do the proposed Class members" and are poised to adequately protect Class interests. *Sacerdote v. New York Univ.*, 2018 WL 840364, at *4 (S.D.N.Y. Feb. 13, 2018).

---

[3] *See* Sheresky Decl. ¶ 7; Samsen Decl. ¶ 7; Jasinski Decl. ¶ 5; *see also* Pls.' Am. Class Action Compl. at ¶¶ 18, 20, *Shafer v. Morgan Stanley*, 1:20-cv-11047-PGG (Mar. 24, 2022), ECF 58.

Second, proposed Class counsel are "qualified, experienced, and able to conduct the litigation." *Baffa v. Donaldson, Lufkin & Jenrette Secs. Corp.*, 222 F.3d 52, 60 (2d Cir. 2000). Plaintiffs are represented by Motley Rice LLC, Ajamie LLP; Izard, Kindall and Raabe LLP; and Rosca Scarlato LLC. Together, these law firms have extensive relevant experience in prosecuting class actions, ERISA claims, and APA actions. Jasinski Decl. ¶¶ 9-13, Ex. 3; Rosca Decl. ¶¶ 7-9, Ex. 2; Klein Decl. ¶¶ 5-8, Ex. 1; Edwards Decl. ¶¶ 5-8, Ex. 1. Each has served or is serving as class counsel in class actions throughout the country. Jasinski Decl. ¶¶ 9-12, Ex. 3; Rosca Decl. ¶¶ 7-8, Ex. 2; Klein Decl. ¶¶ 5-7, Ex. 1; Edwards Decl. ¶¶ 5-7, Ex. 1. Thus, proposed Class counsel are well-qualified and will fairly and adequately represent the Class.

## B. Class treatment is appropriate under Rule 23(b)(2).

For a class to be certified under Rule 23(b)(2), "a defendant must have acted on grounds that apply generally to the class 'so that the final injunctive relief or corresponding declaratory relief is appropriate respecting the class as a whole.'" *Barrows v. Becerra*, 24 F.4th 116, 132 (2d Cir. 2022) (quoting Fed. R. Civ. P. 23(b)(2)). Here, Defendants' conduct applies generally to the Class, and Plaintiffs seek "indivisible" declaratory and injunctive remedies "that apply to all class members at once." *Amara*, 775 F.3d at 519 (quoting *Wal-Mart*, 564 U.S. at 362; Fed. R. Civ. P. 23(b)(2)) (cleaned up).

Specifically, Plaintiffs seek to vacate the Advisory Opinion and obtain a declaration that it is unlawful and invalid under the APA. Am. Compl. at p. 29. These remedies would benefit all Class members in one fell swoop by eliminating the unlawful opinion and preventing it from interfering with the fair adjudication of their pending ERISA claims. *See id*. ¶¶ 7-8, 91. But win or lose, the relief sought is equally applicable to all Class members. Further, class treatment is appropriate because it will avoid inconsistent adjudications and promote judicial economy.

11

Without class certification, the legality of the Advisory Opinion could be challenged in multiple forums and lead to conflicting results.

## VI.   CONCLUSION

For the foregoing reasons, Plaintiffs respectfully request that the Court grant their Motion for Class Certification.

Dated: January 16, 2025

Thomas R. Ajamie
AJAMIE LLP
150 East 58th Street, 29th Floor
New York, NY 10155
(713) 860-1600
tajamie@ajamie.com

John S. "Jack" Edwards, Jr.
Courtney D. Scobie
AJAMIE LLP
711 Louisiana St., Suite 1600
Houston, TX 77002
(713) 860-1600
jedwards@ajamie.com
cscobie@ajamie.com

Alan L. Rosca
Paul Scarlato
Lisa Fish
ROSCA SCARLATO LLC
Main Office:
2000 Auburn Dr. Suite 200
Beachwood, OH 44122
(216) 946-7070
arosca@rscounsel.law
pscarlato@rscounsel.law
lfish@rscounsel.law

Respectfully submitted,

*/s/ Mathew P. Jasinski*
Mathew P. Jasinski
F. Franklin Amanat
Douglas P. Needham
Riley Breakell
MOTLEY RICE LLC
20 Church St., 17th Floor
Hartford, CT 06103
(860) 882-1681
mjasinski@motleyrice.com
famanat@motleyrice.com
dneedham@motleyrice.com
rbreakell@motleyrice.com

*New York Office:*
800 Third Avenue, Suite 2401
New York, NY 10022

Seth Klein (*pro hac vice* pending)
IZARD, KINDALL & RAABE, LLP
29 South Main St., Suite 305
West Hartford, CT 06107
(860) 493-6292
sklein@ikrlaw.com

12

## CERTIFICATE OF COMPLIANCE

I hereby certify that this document complies with the word-count limitations pursuant to

Local Rule 7.1(c). Excluding the caption, table of contents, table of authorities, signature blocks,

and certificates, the word count of this document is 3,575 words.

*/s/ Mathew P. Jasinski*
Mathew P. Jasinski
