# EXHIBIT 2



O'Melveny & Myers LLP
1625 Eye Street, NW
Washington, DC 20006-4061

T: +1 202 383 5300
F: +1 202 383 5414
omm.com

File Number:

October 20, 2025

**Meaghan VerGow**
D: +1 202 383 5504
mvergow@omm.com

**CONFIDENTIAL SETTLEMENT COMMUNICATION**
**VIA EMAIL**

Courtney Scobie
Ajamie LLP
Pennzoil Place – South Tower
711 Louisiana, Suite 2150
Houston, TX 77002

**Re:    _Samsen, et al. et al. v. Morgan Stanley, et al., FINRA Arb. No. 24-00419_**

Dear Courtney:

We write on behalf of Respondents Morgan Stanley Smith Barney LLC and the Morgan Stanley Compensation Management Development and Succession Committee (collectively, "Morgan Stanley" or the "Firm") in connection with the above-referenced pending arbitration claim in which your clients Jeffrey Samsen, ███████████, and Steve Sheresky (collectively, "Claimants") seek to recover their cancelled deferred compensation from the Firm.  ***This letter is a confidential settlement communication, and as such, is inadmissible in any proceeding.***  Please share this letter with each Claimant.

There have been several recent and significant legal and factual developments that directly impact the continued viability of Claimants' claims, bringing Claimants' probability of success close to zero, while materially raising the risks that, at the end of this arbitration, Claimants may be ordered to pay substantial fees and costs.  Not least among these developments are the following:

- ***Rude***, ***DeBlasio***, ***Zapoleon***, ***O'Neill***, **and** ***Schon*** **Awards:** Morgan Stanley has prevailed in each of the last _five_ consecutive arbitrations it has tried in FINRA which raised _substantively the same claim_, and in each of these cases the panel assessed the majority of hearing session fees against the claimants;

- ***Milligan v. Merrill Lynch*** **Summary Judgment Order:** In the only court case to actually decide the merits of whether ERISA protects awards of deferred compensation to Financial Advisors, a federal district court has found (on summary judgment—not a motion to compel arbitration) that Merrill Lynch's strikingly similar deferred compensation plan is **not** governed by ERISA, for reasons equally applicable here;

- ***Shafer v. Morgan Stanley*** **Summary Order:** The Second Circuit Court of Appeals has put to rest the question of whether Judge Gardephe's opinion in _Shafer_ is binding

precedent, finding that Morgan Stanley is free to argue that Judge Gardephe's view is dictum and legally incorrect. As evidenced by the five, recent arbitration awards referenced above, FINRA panels are overwhelmingly choosing not to follow Judge Gardephe's superfluous reflections in his decision on the motion to compel arbitration; and

- ***DOL Advisory Opinion 2025-03A*: The United States Department of Labor ("DOL"), the governmental body charged with enforcing ERISA, has now opined that the deferred awards issued under the MSCIP and EICP—the very awards at issue in this case—are <u>not</u> governed by ERISA.** The DOL acted with awareness of the proceedings before Judge Gardephe and the (erroneous) reasoning he applied, and instead relied on the key appellate court decisions from which Judge Gardephe deviated, as well as the recent summary judgment in *Milligan* that also declined to adopt Judge Gardephe's reasoning. While Judge Gardephe did not have the benefit of the DOL's opinion on the exact question presented here, the FINRA panel in this case will, because Morgan Stanley is permitted to rely on the advisory opinion as the official position of the DOL on whether ERISA applies to Morgan Stanley's deferred compensation program.

Claimants have been well served by your zealous advocacy on their behalf. However, the chances of Claimants' success in this matter has diminished from exceedingly slim (with five arbitration panels in a row finding ERISA doesn't apply) to nearly zero, since the DOL has now issued its advisory opinion directly addressing the critical question in this case. Specifically, the DOL stated:

> [W]e find the program, by its express terms, not to be an employee pension benefit plan within the meaning of ERISA section 3(2)(A). . . . Taking into account both the program's design and operative provisions, its annual disclosures, the data on when most awards were received, and all other materials you provided . . . the Department has no reason to believe that the deferred incentive compensation program is an employee benefit pension plan under ERISA section 3(2)(A) as a result of [the] surrounding circumstances. At any rate, the deferred incentive compensation program qualifies as an exempt "bonus program" under 29 C.F.R. § 2510.3-2(c).

Pursuit of these claims has never been without financial risk to Claimants, as evidenced by the fact that panels in the *McCullough, Rude, DeBlasio, Zapoleon, O'Neill* and *Schon* cases have collectively assessed over $70,000 in hearing session fees against the claimants in those cases. But in light of the *Milligan* dismissal, the *Shafer* Summary Order issued by the Second Circuit, and the DOL's advisory opinion, **Claimants now face not only the near certainty of losing their case, but also having to pay Morgan Stanleys' attorneys' fees and costs, which will be well into six figures, if not higher, by the time the arbitration concludes**. Claimants should understand that, as provided for by ERISA, Morgan Stanley will vigorously pursue its attorney's fees and costs against claimants who continue to pursue these claims notwithstanding the significant developments described above, which make it difficult to argue to the panel that the claims remain brought in good faith.

O'Melveny

In the interest of avoiding further unnecessary expense for all parties, Morgan Stanley is prepared to ██████████████████████████████████████████████████ ████████████████████████████████████████████████████ This offer will remain open for 14 days.

Please understand that this is not an invitation for your clients to counter with other proposed financial concessions, rather this offer is intended to bring finality to these proceedings in a manner that spares your clients further exposure to costs and adverse awards. The time for an amicable exit is now.

We respectfully urge you to review the DOL's advisory opinion and the recent arbitration awards issued in substantially similar cases carefully with your clients and advise them of the risks. Should you wish to discuss this proposal further, please contact us at your earliest convenience.

We look forward to your response.


Sincerely,

/s/ Meaghan VerGow

Meaghan VerGow

MEV

3