**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| STEVE SHERESKY, JEFFREY SAMSEN, and NICHOLAS SUTRO, | |
|     Plaintiffs, | No. 25-cv-08935 |
| v. | Related to Shafer v. Morgan Stanley, No. 1:20-cv-11047 (S.D.N.Y.) |
| UNITED STATES OF AMERICA; | |
| LORI CHAVEZ-DEREMBER, in her official capacity as Secretary of the United States Department of Labor; | |
| DANIEL ARONOWITZ, in his official capacity as Assistant Secretary of the United States Department of Labor; and | |
| JANET DHILLON, in her official capacity as Principal Deputy Assistant Secretary of the United States Department of Labor, | |
|     Defendants. | |

**DECLARATION OF JEFFREY SAMSEN IN SUPPORT**
**OF PLAINTIFFS' MOTION FOR CLASS CERTIFICATION**

I, Jeffrey Samsen, declare as follows:

1.      I submit this declaration in support of Plaintiffs' Motion for Class Certification in this action.

2.      I have personal knowledge of the matters set forth herein and, if called as a witness, could and would competently testify thereto.

3.      I was employed as a financial advisor at Morgan Stanley Smith Barney ("Morgan Stanley") from 2013 until 2020.

4. During my employment at Morgan Stanley, I participated in the firm's deferred compensation plans, including the Equity Incentive Compensation Plan ("EICP") and/or the Morgan Stanley Compensation Incentive Plan ("MSCIP"). Under these plans, Morgan Stanley required me to defer distribution of a percentage of the commissions I earned each year until four, six, or eight years later.

5. When I left Morgan Stanley in 2020, the firm cancelled—that is, withheld—my deferred commissions that had not yet been paid out.

6. In 2022, plaintiff Matthew T. Shafer filed a putative class action against Morgan Stanley to challenge the firm's cancellation of his deferred compensation on the ground that Morgan Stanley's deferred compensation program constitutes an employee pension benefit plan governed by the Employee Retirement Income Security Act of 1974, 29 U.S.C. § 1001 *et seq.* *See Shafer v. Morgan Stanley*, No. 1:20-cv-11047-PGG (S.D.N.Y.).

7. In March 2022, Plaintiff Jeffrey Samsen and I joined the *Shafer* lawsuit as plaintiffs. *See* Pls.' Am. Class Action Compl., *Shafer et al. v. Morgan Stanley et al.*, 1:20-cv-11047-PGG (March 3, 2022), ECF 58. Like the other plaintiffs in that lawsuit, we sought to challenge the firm's cancellation of our deferred compensation on the ground that Morgan Stanley's deferred compensation program is governed by ERISA.

8. In November 2023, the court granted Morgan Stanley's motion to compel arbitration in the *Shafer* lawsuit. *Shafer v. Morgan Stanley*, No. 1:20-cv-11047-PGG, 2023 WL 8100717 (S.D.N.Y. Nov. 21, 2023) ("*Shafer I*") (granting motion to compel arbitration).

9. In February 2024, Plaintiff Steve Sheresky and I (and another former Morgan Stanley financial advisor) commenced a FINRA arbitration proceeding against Morgan Stanley to assert the same ERISA claims as those in the *Shafer* lawsuit. Our arbitration remains pending.

10.     On September 9, 2025, the United States Department of Labor issued Advisory Opinion 2025-03A, which concluded that the EICP and MSCIP are not employee pension benefit plans under ERISA.

11.     I understand that this lawsuit challenges the lawfulness of the Department of Labor's Advisory Opinion under the Administrative Procedure Act.

12.     I have reviewed the First Amended Class Action Complaint filed in this matter and understand the claims asserted therein. I support the prosecution of those claims on behalf of myself and all other similarly situated former Morgan Stanley financial advisors.

13.     I understand my responsibilities as a proposed class representative in this action. I am committed to vigorously prosecuting this case on behalf of the proposed class and will devote the time and effort necessary to fulfill my duties as a class representative.

14.     I have no conflicts of interest with other members of the proposed class. Our interests are aligned—we all seek to recover deferred compensation that Morgan Stanley wrongfully withheld from us, and we all will benefit from vacatur of the unlawful Advisory Opinion that threatens our ability to pursue our claims.

15.     I believe that class treatment is appropriate in this case because all proposed class members are similarly affected by the Department of Labor's Advisory Opinion and will benefit equally from the declaratory and injunctive relief sought in this action.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed this 14 day of January, 2026, at Armonk, New York

_____
Jeffrey Samsen