**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

STEVE SHERESKY, *et al.*,

     Plaintiffs,

     v.

UNITED STATES OF AMERICA, *et al.*,

     Defendants.

25 Civ. 8935 (PGG)

## MEMORANDUM OF LAW IN OPPOSITION TO PLAINTIFFS' MOTION FOR CLASS CERTIFICATION

JAY CLAYTON
United States Attorney for the
Southern District of New York
*Attorney for Defendants*

*Of Counsel*
ROBERT WILLIAM YALEN
Assistant United States Attorney

**TABLE OF CONTENTS**

**PAGE**

PRELIMINARY STATEMENT ...................................................................................................1

BACKGROUND ........................................................................................................................3

     A.      The Advisory Opinion ...................................................................................3

     B.      The Shafer Litigation ....................................................................................4

     C.      The Named Plaintiffs ....................................................................................5

     D.      The Proposed Class........................................................................................7

ARGUMENT...............................................................................................................................8

     I.       The Proposed Class Cannot Be Certified Because the
           Named Plaintiffs Lack Standing ...................................................................9

     II.     The Proposed Class Does Not Satisfy Rule 23(b)(2).....................................10

CONCLUSION...........................................................................................................................14

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Berni v. Barilla S.p.A.*,
  964 F.3d 141 (2d Cir. 2020)............................................................................................ 11

*Clapper v. Amnesty Int'l USA*,
  568 U.S. 398 (2013).......................................................................................................... 9

*Freeland v. AT&T Corp.*,
  238 F.R.D. 130 (S.D.N.Y. 2006) .................................................................................... 14

*General Tel. Co. v. Falcon*,
  457 U.S. 147 (1982).......................................................................................................... 8

*Hyland v. Navient Corp.*,
  48 F.4th 110 (2d Cir. 2022) ............................................................................................ 11

*In re Initial Pub. Offerings Sec. Litig.*,
  471 F.3d 24 (2d Cir. 2006)................................................................................................ 8

*Jeffries v. Pension Trust Fund of Pension, Hospitalization & Benefit Plan
  of Electrical Industry*,
  No. 99 Civ. 4174 (LMM), 2007 WL 2454111 (S.D.N.Y. Aug. 20, 2007) ................................ 8

*Katz v. Cellco P'ship*,
  794 F.3d 341 (2d Cir. 2015)............................................................................................ 13

*Larsen v. JBC Legal Grp., P.C.*,
  235 F.R.D. 191 (E.D.N.Y. 2006)..................................................................................... 11

*Liberty Cap. Grp. v. Oppenheimer & Co.*,
  No. 25 Civ. 4822 (JSR), 2025 WL 3507217 (S.D.N.Y. Dec. 8, 2025) .............................. 9, 10

*Loper Bright Enterprises v. Raimondo*,
  603 U.S. 369 (2024)........................................................................................................... 3

*Milligan v. Bank of Am. Corp.*,
  No. 3:24-CV-00440-KDB-DCK, 2025 WL 892972 (W.D.N.C. Mar. 11, 2025)..................... 12

*Rude v. Morgan Stanley*,
  FNRA Arb. No. 22-02183 (June 14, 2024), *available at*
  https://www.finra.org/sites/default/files/aao_documents/22-02183.pdf............................. 9, 12

*Shafer v. Morgan Stanley*,
  No. 20 Civ. 11047 (PGG), 2023 WL 8100717 (S.D.N.Y. Nov. 21, 2023).........................passim

*Shafer v. Morgan Stanley*,
  No. 20 Civ. 11047 (PGG), 2024 WL 4697235 (S.D.N.Y. Nov. 5, 2024)...............................4, 8

*Shafer v. Morgan Stanley*,
  No. 24-3141(L), 2025 WL 1890535 (2d Cir. July 9, 2025)......................................................5, 8

*TransUnion LLC v. Ramirez*,
  594 U.S. 413 (2021)...............................................................................................................1, 11

*Wal-Mart Stores, Inc. v. Dukes*,
  564 U.S. 338 (2011)........................................................................................................3, 11, 14

*Warth v. Seldin*,
  422 U.S. 490 (1975)........................................................................................................3, 13, 14

*Whitmore v. Arkansas*,
  495 U.S. 149 (1990).....................................................................................................................9

## Regulations

29 C.F.R. § 2510.3-2(c) ................................................................................................................4

## Rules

Fed. R. Civ. P. 23(b)(2)........................................................................................................passim

## Statutes

29 U.S.C. § 1001 *et seq.*..............................................................................................................7

Defendant United States of America and defendants Lori Chavez-Deremer, Daniel Aronowitz, and Janet Dhillon (collectively "Defendants"), each sued in their official capacity as officials of the United States Department of Labor ("DOL"), respectfully submit this memorandum of law in opposition to Plaintiffs' Motion for Class Certification, dated January 16, 2026.

### PRELIMINARY STATEMENT

The Court should deny class certification. As an initial matter, as explained in Defendants' pending motion to dismiss, the named plaintiffs lack standing. In particular, the named plaintiffs cannot show that they have been or will be injured by DOL's Advisory Opinion[1], because the Advisory Opinion is not entitled to deference and the arbitrators adjudicating the named plaintiffs' individual claims will exercise independent judgment on the matters before them. Def. MTD Mem. at 9-15; Def. MTD Reply at 2-8.[2] Where the named plaintiffs lack standing, a court may not certify a class.

The Court should also deny class certification because it cannot conclude that "final injunctive relief or corresponding declaratory relief is appropriate respecting the class as a whole," as required for class certification under Rule 23(b)(2). First, although courts lack the "power to order relief to any uninjured plaintiff, class action or not," *TransUnion LLC v. Ramirez*, 594 U.S. 413, 431 (2021), plaintiffs' claim of injury will depend on individualized showings that their

---

[1] The "Advisory Opinion" refers to Advisory Opinion No. 2025-023A, which appears at 2025 WL 2642870.

[2] The motion to dismiss briefing will be referred to in this brief as follows: "Def. MTD Mem." refers to the Memorandum of Law in Support of Defendants' Motion to Dismiss the First Amended Complaint, ECF No. 48; "Pl. MTD Mem." refers to the Plaintiffs' Memorandum of Law in Opposition to Defendants' Motion to Dismiss, ECF No. 49. "Def. MTD Reply" refers to the Reply Memorandum in Further Support of Defendants' Motion to Dismiss the First Amended Class Action Complaint, ECF No. 52. "Am. Cplt" or "Amended Complaint" refer to Plaintiffs' First Amended Class Action Complaint, ECF. No. 37.

particular arbitrators are unable or unwilling to render independent judgment, including (as the named plaintiffs assert) because those specific arbitrators are not attorneys.  Def. MTD Reply at 3; Pl. MTD Mem. at 10 n.5.  The Amended Complaint lacks plausible allegations—and the record on the motion for class certification lacks evidence—that all class members will be similarly situated in this respect, and the class definition itself shows the contrary to be true:  The class extends to individuals who are in litigation, not just those in arbitration, and thus are entirely differently situated.  It also lumps together arbitrators who are attorneys with those who are not; and it fails to account for the variety of credentials that non-attorney arbitrators may have that will bear on their willingness and ability to exercise independent judgment.  Similar variation exists with respect to the named plaintiffs' contention that the Advisory Opinion injured them by materially increasing the risk that they will be required to pay attorneys' fees, Pl. MTD Mem. at 13-15; the Amended Complaint fails to assert facts supporting this contention and its application across the class, and the evidence submitted in support of class certification does not suggest that every class member is subject to this risk.

For similar reasons, diversity among the class regarding alleged procedural rights precludes the Court from finding relief will apply to the class as a whole.  Plaintiffs' procedural claims, both as to injury and on the merits, rely in significant part on the assertion that DOL violated plaintiffs' procedural rights by considering a request for an advisory opinion submitted while plaintiffs' claims were "litigation matters."  Am. Cplt. ¶¶ 24, 119; Pl. MTD Mem. at 6, 16.  But the proposed class is defined to include individuals whose arbitration or litigation claims were not pending until *after* Morgan Stanley Smith Barney LLC ("Morgan Stanley") requested an advisory opinion in August 2024; it even includes individuals who did not file claims until after the Advisory Opinion issued in 2025.  Because a plaintiff may not base his or her claim on an alleged violation of *other*

2

parties' rights, *Warth v. Seldin*, 422 U.S. 490, 499 (1975), class members who filed arbitration or litigation claims only after August 2024 will not be able to rely on the "procedural rights" argument asserted by the named plaintiffs.  The variation in timing of the class members' commencing their claims precludes the Court from finding that relief will apply "only as to all of the class members or as to none of them," *Wal-Mart Stores, Inc. v. Dukes*, 564 U.S. 338, 360 (2011), as required for a Rule 23(b)(2) class.

For similar reasons, Rule 23(b)(2) is not satisfied because a key allegation underlying the named plaintiffs' claims is that the Advisory Opinion relied on an allegedly false Morgan Stanley representation that certain plan language was consistent over time, when the named plaintiffs assert that the language was materially different for five years.  Am. Cplt. ¶¶ 56-58 & Ex. 11.  Class members whose claims relate only to the years for which the named plaintiffs would *concede* that the Advisory Opinion's statement is accurate will not be able to rely on this alleged "factual discrepancy" in other years.  Am. Cplt. ¶ 56; *Warth*, 422 U.S. at 499.  Again, the Court thus cannot determine that any applicable relief will apply to the class "as a whole."

## BACKGROUND

### *The Advisory Opinion*

The Department of Labor has long had a "practice . . . [of] answer[ing] inquiries of individuals or organizations affected, directly or indirectly, by [ERISA] as to their status under the Act and as to the effect of certain acts and transactions."  Office of Employee Benefits Security, *Employee Benefits Plans—Advisory Opinion Procedure,* 41 Fed. Reg. 36,281, 36,281 (Aug. 27, 1976).  This includes the issuance of advisory opinions, which apply the law to factual scenarios submitted by the entity requesting the advisory opinion.  *See id.* at 36,282.  At least since *Loper Bright Enterprises v. Raimondo*, 603 U.S. 369 (2024), advisory opinions have had no binding

3

authority; any force they have comes only from the power to persuade. *See, e.g.*, Def. MTD Mem. at 21; Def. MTD Reply at 2.

On September 9, 2025, DOL issued the Advisory Opinion, in response to an August 2024 request by Morgan Stanley. 2025 WL 2642870; Am. Cplt. ¶ 36. The Advisory Opinion analyzes whether the Employee Retirement Income Security Act ("ERISA") applies to two deferred compensation plans maintained by Morgan Stanley. Based on the facts submitted by Morgan Stanley, the Advisory Opinion concludes:

- "the materials . . . submitted [by Morgan Stanley] do not appear to indicate the existence of any of the surrounding circumstances that the Department has previously said would tend to support" a conclusion that ERISA applied to these plans, *id.* at *4, and

- "the deferred incentive compensation program appears to be a bonus program within the meaning of 29 C.F.R. § 2510.3-2(c)" and thus is not covered by ERISA, *id.* at *5.

### *The Shafer Litigation*

In 2020, a former Morgan Stanley financial advisor commenced an action against Morgan Stanley, seeking to recover cancelled deferred compensation under ERISA. *Shafer v. Morgan Stanley*, No. 20 Civ. 11047 (PGG), ECF. No. 1 (Cplt. filed Dec. 30, 2020). His proposed class action complaint was amended in 2022 to add additional named plaintiffs, including two of the three named plaintiffs here, Steve Sheresky and Jeffrey Samsen. *Id.* ECF No. 58 (Am. Cplt. filed Mar. 24, 2022). The *Shafer* plaintiffs did not move for class certification.

On November 21, 2023, this Court granted Morgan Stanley's motion to compel arbitration, staying the *Shafer* case. *Shafer v. Morgan Stanley*, No. 20 Civ. 11047 (PGG), 2023 WL 8100717 (S.D.N.Y. Nov. 21, 2023). On November 5, 2024, the Court denied a motion to reconsider or clarify its decision. *Shafer v. Morgan Stanley*, No. 20 Civ. 11047 (PGG), 2024 WL 4697235 (S.D.N.Y. Nov. 5, 2024). On July 9, 2025, the Second Circuit dismissed cross-appeals by the

parties and denied a petition for writ of mandamus filed by Morgan Stanley. *Shafer v. Morgan Stanley*, No. 24-3141(L), 2025 WL 1890535 (2d Cir. July 9, 2025).

### *The Named Plaintiffs*

The named plaintiffs are three former Morgan Stanley financial advisors. Am. Cpl. ¶¶ 11-13.[3] Each named plaintiff alleges that he now has a pending FINRA arbitration claim in which he asserts that Morgan Stanley violated ERISA by cancelling amounts of deferred compensation when he left employment at Morgan Stanley. *Id.* ¶¶ 11-13. The named plaintiffs assert that the Advisory Opinion is a final agency action that is arbitrary and capricious and contrary to law and was adopted without following agency procedures. *Id.* ¶¶ 97-103.

In their Amended Complaint, the named plaintiffs rely on the assertion that the Advisory Opinion violated DOL procedures that (according to the named plaintiffs) prohibit DOL from issuing an Advisory Opinion regarding "any investigation or litigation matter that existed before submitting [the] request." *Id.* ¶ 24; *see also id.* ¶ 119. In their opposition to Defendants' motion to dismiss, the named plaintiffs have elaborated on this point, contending that this alleged limitation on DOL's authority is a "procedural entitlement" designed to protect parties in litigation from unfair treatment. Pl. MTD Mem. at 16.

The named plaintiffs also allege on the merits that the Advisory Opinion erroneously based its conclusions on an inaccurate understanding of Morgan Stanley's plan disclosures. The Advisory Opinion quotes Morgan Stanley plan disclosure language, citing 2021 summary descriptions, that states:

---

[3] For the purpose of this opposition, Defendants assume the truth of the plausible, non-conclusory allegations of the Amended Complaint.

> [The plan is a] bonus program and not a retirement plan. Its purposes are to reward and retain key employees of the Firm and to align their interests with those of the shareholders. Participants should not look to this bonus program as a source of retirement income. This bonus program is not subject to the Employee Retirement Income Security Act of 1974.

2025 WL 2642870, at *2. The Advisory Opinion then states, in a footnote, that "[p]er [Morgan Stanley's] submission, the exact language in the description of this program has changed over the years, but the substance of the program has not changed." *Id.* at *2 n.7. The named plaintiffs assert that Morgan Stanley's representation was "erroneous" and was provided to "conceal a factual discrepancy" and "obscure" a "misrepresentation." Am. Cplt. ¶¶ 56-58. In particular, they assert that the true facts show that from 2015-2020, the language "bonus program" was not used by Morgan Stanley. *Id.* ¶ 56 & Ex.11.

The named plaintiffs assert that the Advisory Opinion "creates immediate and concrete harm to Plaintiffs." *Id.* ¶ 7. They assert that they are injured by the Advisory Opinion because "Morgan Stanley insists that it may rely on the Advisory Opinion, and it has been doing so in the pending FINRA arbitrations, to undermine its former financial advisors' position and arguments." Am. Cplt. ¶ 79. They further allege that Morgan Stanley refers to plaintiffs' position as "frivolous," and assert that in light of the Advisory Opinion and other adverse authority Morgan Stanley may be awarded attorney's fees and costs in the arbitrations. *Id.* ¶ 7 & Exs. 13A, 13B.

More specifically, in response to Defendants' motion to dismiss, the named plaintiffs have distilled their alleged injuries into three categories: an alleged likelihood that the named plaintiffs' arbitrators will improperly defer to the Advisory Opinion, Pl. MTD Mem. at 11-12; an alleged increase of the named plaintiffs' risk of being required to pay attorneys' fees in arbitration, from "nominal" or "dormant" to "substantial," *id.* at 7, 13; and an alleged violation of their procedural rights, *id.* at 15-16. In response, Defendants have explained, among other things, that the named plaintiffs cannot show injury because they have failed to plausibly allege that their arbitrators will

6

be unable or unwilling to exercise independent judgment, Def. MTD Reply at 2-5; have failed to

plausibly allege a material increase in attorneys' fees risk, *id.* at 6-7; and have failed to identify

any "procedural right" that could serve as a basis for standing, *id.* at 7-8.

### *The Proposed Class*

The named plaintiffs seek to certify a class defined as follows:

> All former financial advisors of Morgan Stanley Smith Barney ("Morgan Stanley")
> with pending arbitration or litigation proceedings against Morgan Stanley that were
> commenced on or after December 30, 2020, and challenge the cancellation of
> deferred compensation awards under the Equity Incentive Compensation Plan
> and/or Morgan Stanley Compensation Incentive Plan on the ground that Morgan
> Stanley's deferred-compensation program constitutes an employee pension benefit
> plan governed by the Employee Retirement Income Security Act, 29 U.S.C. § 1001
> *et seq*

Am. Cplt. ¶ 85.

This class includes individuals with "pending" claims regardless of whether they are in

"arbitration" or "litigation" proceedings. *Id.* For those claims in arbitration, the class definition

does not differentiate between arbitral panels consisting entirely of attorneys, those consisting of

some but not all attorneys, and those consisting of only non-attorneys. It also does not distinguish

among the diverse alternative credentials that non-attorney arbitrators may have that demonstrate

that those arbitrators are able and willing to exercise independent judgment over the claims before

them.

Further, the class definition includes claims filed both before and after events that the

Amended Complaint and plaintiffs' theory of injury make relevant:

- The class definition includes individuals who did not bring their individual claims until after Morgan Stanley's August 2024 request for a DOL advisory opinion. Am. Cplt. ¶ 36 & Ex. 3.

- The class definition includes individuals who did not bring their individual claims until after this Court's November 2023 decision compelling arbitration. *Shafer v. Morgan Stanley*, No. 20 Civ. 11047 (PGG), 2023 WL 8100717 (S.D.N.Y. Nov. 21, 2023).

- The class definition includes individuals who did not bring their individual claims until after this Court's November 2024 decision declining to hold that the Court's prior ERISA decision has preclusive effect in arbitration. *Shafer v. Morgan Stanley*, No. 20 Civ. 11047 (PGG), 2024 WL 4697235 (S.D.N.Y. Nov. 5, 2024).

- The class definition includes individuals who did not bring their individual claims until after the Second Circuit's July 2025 order stating that "Morgan Stanley is free to argue to those arbitrators that the district court's conclusion that the plans were governed by ERISA was dictum and was legally incorrect." *Shafer v. Morgan Stanley*, No. 24-3141(L), 2025 WL 1890535, at *2 (2d Cir. July 9, 2025).

- The class definition includes individuals who did not bring their individual claims until after the September 2025 Advisory Opinion issued.

Finally, the proposed class does not differentiate between those for whom the named plaintiffs concede the Advisory Opinion correctly described plan disclosure language, and those for which the named plaintiffs assert that the Advisory Opinion inaccurately characterized the disclosure language.

### ARGUMENT

A class action may not be certified unless the Court "mak[es] determinations that each of the Rule 23 requirements has been met." *In re Initial Pub. Offerings Sec. Litig.*, 471 F.3d 24, 41 (2d Cir. 2006), *clarified on unrelated points*, 483 F.3d 70 (2d Cir. 2007). "Plaintiffs bear the burden of establishing each requirement under Rule 23 for class certification." *Jeffries v. Pension Trust Fund of Pension, Hospitalization & Benefit Plan of Electrical Industry*, No. 99 Civ. 4174 (LMM), 2007 WL 2454111, at *10 (S.D.N.Y. Aug. 20, 2007) (internal quotation marks omitted). The Court must conduct a "rigorous analysis," *General Tel. Co. v. Falcon*, 457 U.S. 147, 161 (1982), and must resolve all factual disputes necessary to a determination whether the class requirements are satisfied, *In re Initial Pub. Offering Secs. Litig.*, 471 F.3d at 41.

## I.    The Proposed Class Cannot Be Certified Because the Named Plaintiffs Lack Standing

The proposed class may not be certified because the named plaintiffs lack standing. *Liberty Cap. Grp. v. Oppenheimer & Co.*, No. 25 Civ. 4822 (JSR), 2025 WL 3507217, at \*4 (S.D.N.Y. Dec. 8, 2025).  Defendants' pending motion to dismiss explains the named plaintiffs' lack of standing in detail. *See generally* Def. MTD Mem. at 10-15; Def. MTD Reply at 2-8.

Most critically, the named plaintiffs lack standing because the Advisory Opinion is a non-binding statement that judges and arbitrators will only follow to the extent that it is persuasive. Def. MTD Mem. at 10-15; Def. MTD Reply at 2-8.  The arbitrators hearing the named plaintiffs' individual claims will exercise their independent judgment both as to the law and facts.  Def MTD Mem. at 12; Def. MTD Reply at 3.  "It is just not possible for a litigant to prove in advance that the judicial system will lead to any particular result in his case." *Clapper v. Amnesty Int'l USA*, 568 U.S. 398, 413-14 (2013) (quoting *Whitmore v. Arkansas*, 495 U.S. 149, 159-60 (1990)).  As a result, the named plaintiffs cannot show injury in fact, caused by the Advisory Opinion, and redressable by this action.  Def. MTD Mem. at 10-15; Def. MTD Reply at 2-8.

The named plaintiffs' principal response is to suggest that arbitrators will be unable or unwilling to exercise independent judgment in the matters before them, in particular because FINRA arbitrators are not required to be attorneys.  Pl. MTD Mem. at 10 & n.5.  As described in Defendants' motion to dismiss papers, this argument fails because—among other things—the named plaintiffs have failed to plausibly allege critical facts underlying their claim, including whether their own arbitrators are attorneys, and have failed to address the manifest exercise of independent judgment by arbitrators handling the same issues in other arbitrations.  Def. MTD Reply at 3; *see, e.g.*, *Rude v. Morgan Stanley*, FINRA Arb. No. 22-02183 (June 14, 2024), at \*4-\*5, *available at* https://www.finra.org/sites/default/files/aao_documents/22-02183.pdf.

9

The named plaintiffs also assert that they have standing because the Advisory Opinion changed their risk of being required to pay attorneys' fees from "nominal" or "dormant" to "substantial." Pl. MTD Mem. at 7, 13. This theory fails because it is dependent on the same speculative failure of arbitrators to exercise independent judgment. Def. MTD Mem. at 3. It also fails because the named plaintiffs have failed to plead facts plausibly alleging the claimed injury, including the legal authority under which fees would be assessed; whether Morgan Stanley had asserted a right to attorneys' fees before the Advisory Opinion; the frequency with which such fees are awarded in FINRA arbitration; and the factual basis for the named plaintiffs' evaluation of risk both before and after the Advisory Opinion. Def. MTD Reply at 6-7.

Finally, the named plaintiffs' claim that a violation of their "procedural rights" gives them standing also fails. A key element of this claim is their allegation that DOL is authorized only to issue advisory opinions for prospective matters, and not for matters in litigation. Pl. MTD Mem. at 6, 16. As explained in the Defendants' briefing, however, the named plaintiffs have no procedural rights that could serve as a basis for standing. Def. MTD Reply at 7-8.

For each of these reasons, the named plaintiffs lack standing. Because a court "may not reach the merits of [a] motion for class certification . . . until such time as a named plaintiff with standing has been joined," the motion for class certification must therefore be denied. *Liberty Cap. Grp.*, 2025 WL 3507217, at *4.

## II.    The Proposed Class Does Not Satisfy Rule 23(b)(2)

Even if the Court were to find that the named plaintiffs have standing (which it should not), it should deny class certification because plaintiffs cannot show that "final injunctive relief or corresponding declaratory relief [will be] appropriate respecting the class as a whole." Fed. R. Civ. P. 23(b)(2). "The key to the (b)(2) class is the indivisible nature of the injunctive or declaratory remedy warranted—the notion that the conduct is such that it can be enjoined or

declared unlawful only as to all of the class members or as to none of them." *Wal-Mart Stores, Inc. v. Dukes*, 564 U.S. 338, 360 (2011) (internal quotation marks omitted).

"Put another way, a class may *not* be certified under Rule 23(b)(2) if *any* class member's injury is not remediable by the injunctive or declaratory relief sought." *Berni v. Barilla S.p.A.*, 964 F.3d 141, 146 (2d Cir. 2020). A court cannot award relief to individuals who are uninjured. *TransUnion LLC*, 594 U.S. at 431 ("Article III does not give federal courts the power to order relief to any uninjured plaintiff, class action or not." (internal quotation marks omitted)); *cf. Hyland v. Navient Corp.*, 48 F.4th 110, 118 (2d Cir. 2022) (approving settlement class where complaint "plausibly alleged" future injury). Here, the Court cannot conclude that injury will be able to be determined for the class a whole, and additional individualized issues on the merits will also need to be addressed, precluding certification. *Larsen v. JBC Legal Grp., P.C.*, 235 F.R.D. 191, 197 (E.D.N.Y. 2006) ("Rule 23(b)(2) certification presumes that the class is cohesive, a presumption which can be destroyed by showing individualized issues as to liability or remedy.").

Plaintiffs' core theory of injury illustrates their problem. They contend that their arbitrators will not exercise independent judgment in light of the Advisory Opinion, pointing to the fact that FINRA arbitrators need not be attorneys. Pl. MTD Mem. at 10 n.5. But the actual, varied circumstances of class members will vary in ways that bear directly on this question:

- Some will have claims in litigation rather than arbitration, because the class includes both. These individuals in litigation could not show that a federal judge would fail to recognize the Advisory Opinion as non-binding.

- Some will have an arbitral panel consisting entirely of attorneys.

- Others will have one attorney, or two attorneys, on a panel of three.

- Some arbitral panels may have no attorneys.

- Non-attorneys on these panels will have diverse non-legal credentials that may undermine plaintiffs' contention that arbitrators will be unable or unwilling to exercise independent judgment.

11

- Some arbitrators may have previously issued public decisions showing their willingness and ability to render independent judgment on relevant issues, as did the arbitrators in *Rude*, FINRA Arb. No. 22-02183, at *4-*5.

Each of these variations will bear directly on whether the particular class member can claim injury from the Advisory Opinion. Def. MTD Reply at 3. None of these facts have been alleged in the Amended Complaint or included as evidence on this motion for class certification.

With regards to the named plaintiffs' further assertion that the Advisory Opinion injures class members by changing their exposure to attorneys' fees from "nominal" or "dormant" to "substantial," Pl. MTD Mem. at 7, 13, again each class member will likely present distinct circumstances. The Court will need to consider for each:

- Whether Morgan Stanley asserted that it would seek attorneys' fees from that individual before prior to the Advisory Opinion?

- Whether that individual had already concluded other adverse developments had materially increased the risk of attorneys' fees. Relevant developments include this Court's 2024 decision declining to hold its prior ERISA decision to be preclusive in arbitrations; the Second Circuit's order to the same effect; the *Milligan* decision[4] holding on similar facts that ERISA did not apply; and the *Rude* arbitration decision.

- How that individual evaluated his or her risk of attorneys' fees immediately before and after the Advisory Opinion, and whether that evaluation was reasonable?

Also, both as to injury and on the merits, individual questions will need to be resolved to address the alleged violation of an individual's "procedural rights." Pl. MTD Mem. at 16. In particular, the named plaintiffs claim that DOL violated their rights when it issued an advisory opinion that had been requested during the pendency of what Plaintiffs describe as pending "litigation matters." Am. Cplt. ¶¶ 24, 119; Pl. MTD Mem. at 7, 16. But the class definition

---

[4] *Milligan v. Bank of Am. Corp.*, No. 3:24-CV-00440-KDB-DCK, 2025 WL 892972 (W.D.N.C. Mar. 11, 2025).

includes individuals whose arbitration claims were commenced *after* Morgan Stanley made its request, as well as claims not commenced until after the Advisory Opinion issued in September 2025.  Am. Cplt. ¶ 85 (class definition including any proceedings currently pending, provided they were commenced on or after December 30, 2020).  Even on plaintiffs' interpretation of the alleged "litigation matters" limitation, these class members would have no basis to assert that *their* procedural rights were violated, and they may not rely on the alleged violation of rights of others. *See, e.g.*, *Warth*, 422 U.S. at 499 ("[E]ven when the plaintiff has alleged injury sufficient to meet the 'case or controversy' requirement, this Court has held that the plaintiff generally must assert his own legal rights and interests, and cannot rest his claim to relief on the legal rights or interests of third parties.").

Plaintiffs may assert that because *Shafer* was a purported class action and because the *Shafer* case was stayed by the Court, all current class members had a pending "litigation matter."  The Court should reject this argument.  As an initial matter, the *Shafer* class was never certified, and *Shafer*'s named plaintiffs remain the only plaintiffs in that case.  Further, the Court's November 2023 order ended the *Shafer* litigation in substance, eliminating any opportunity for a *Shafer* class to be certified in the future.  Indeed, the Court expressly recognized that one result of its decision was to prevent the *Shafer* plaintiffs from proceeding on a class basis.  *Shafer v. Morgan Stanley*, No. 20 Civ. 11047 (PGG), 2023 WL 8100717, at *27, *28 (S.D.N.Y. Nov. 21, 2023).  Moreover, while it is true that pursuant to the Federal Arbitration Act this Court "stayed" the *Shafer* litigation rather than entering a final judgment, *id.* at *29, this stay functions to prevent an appeal from being taken from the order compelling arbitration, not to keep the litigation claims alive.  *Katz v. Cellco P'ship*, 794 F.3d 341, 346 (2d Cir. 2015).  And although Morgan Stanley unsuccessfully sought reconsideration of the Court's order, neither Morgan Stanley nor the *Shafer* plaintiffs sought

13

reconsideration of the portion of the order compelling individual arbitration. *Shafer v. Morgan Stanley*, No. 20 Civ. 11047, ECF No. 88 (Morgan Stanley brief); *id.* ECF No. 91 (*Shafer* plaintiffs' brief). Thus, even on their own interpretation of the alleged "litigation matters" limitation, plaintiffs cannot rely on *Shafer* to avoid an individualized analysis of the application of the limitation.

Finally, as noted above, the named plaintiffs claim that the Advisory Opinion is arbitrary and capricious because DOL relied on "erroneous" information provided by Morgan Stanley to "conceal a factual discrepancy." Am. Cplt. ¶¶ 56-58. The discrepancy, according to the named plaintiffs, related to whether Morgan Stanley used the words "bonus program" in its plan disclosures each year; according to plaintiff, Morgan Stanley did not use this language from 2015-2020. The named plaintiffs appear to concede that in 2021 the language referred to in the Advisory Opinion was in fact used by Morgan Stanley. As a result, only class members whose deferred compensation covered years 2015-2020 would have a basis to join the named plaintiffs' argument that the Advisory Opinion was arbitrary and capricious because of this alleged inaccuracy. *Warth*, 422 U.S. at 499. And so, again, the Court cannot conclude that an injunction or declaration would be able to issue "only as to all of the class members or as to none of them," because available legal arguments for the parties will vary. *Wal-Mart Stores, Inc.*, 564 U.S. at 360; *see generally Freeland v. AT&T Corp.*, 238 F.R.D. 130, 157 (S.D.N.Y. 2006) ("[C]ertification under Rule 23(b)(2) is improper where an element of liability must be proven on an individualized basis.").

## CONCLUSION

For the foregoing reasons, Defendants respectfully request that the Court deny the motion for class certification.

14

Dated: March 20, 2026
      New York, New York

Respectfully submitted,

JAY CLAYTON
United States Attorney for the
Southern District of New York
*Attorney for Defendants*

By:    */s/ Robert William Yalen*
      ROBERT WILLIAM YALEN
      Assistant United States Attorney
      86 Chambers Street
      New York, New York 10007
      Telephone: (212) 637-2800
      Email: robert.yalen@usdoj.gov

15

Certificate of Compliance

Pursuant to Local Civil Rule 7.1(c), the above-named counsel hereby certifies that this memorandum complies with the word-count limitation of this Court's Local Civil Rules. As measured by the word processing system used to prepare it, this memorandum contains 4,575 words.